UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>DONTE MCCLELLON,<br><br>　　　　　　　　　Defendant. | CASE NO. CR22-0073-LK<br><br>ORDER GRANTING MOTION TO CONTINUE TRIAL DATE |

  This matter comes before the Court on a motion seeking a continuance of the trial date filed by Assistant Federal Public Defender Vanessa Pai-Thompson. Dkt. No. 26. Because Defendant Donte McClellon opposes the continuance, the Court held a hearing on the motion on July 7, 2022 and heard from Mr. McClellon, his counsel, and the Government. The Government does not oppose the motion. Dkt. No. 26 at 1.

  Based on the facts set forth in the motion, the statements made during the hearing, and the record in this case, the Court finds that the ends of justice would best be served by granting the requested continuance. A continuance is necessary to ensure that the defense has adequate time to prepare effectively for trial. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). The Court finds that these ends

ORDER GRANTING MOTION TO CONTINUE TRIAL DATE - 1

outweigh the best interests of the public and the defendant in a speedier trial. *See* 18 U.S.C. § 3161(h)(7)(A). The additional time requested is a reasonable period of delay, as defense counsel averred in the motion and during the hearing that she needs additional time to review and analyze discovery, investigate the matter, gather evidence material to the defense, consider possible defenses, confer with expert(s), research and draft pretrial motions, and prepare for trial. *See* Dkt. No. 26 at 5–6. A failure to grant the continuance would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv). For these reasons, the failure to grant a continuance would also be likely to result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i).

For the foregoing reasons and the reasons explained during the hearing on this motion, the motion is GRANTED. Dkt. No. 26. The trial date shall be continued from August 1, 2022 to October 24, 2022. Pretrial motions must be filed no later than August 29, 2022. As the Court advised during the hearing and the parties agreed, the Court may move the trial date to October 11, 2022,[1] if the Court's calendar allows, and the pretrial motion deadline has been set accordingly.

It is further ORDERED that, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B), the period of delay from the current trial date of August 1, 2022 to the new trial date is EXCLUDED when computing the time within which the trial must commence under the Speedy Trial Act.

Dated this 8th day of July, 2022.

*Lauren King*
Lauren King
United States District Judge

---

[1] The Court is closed on October 10, 2022 due to a federal holiday.

ORDER GRANTING MOTION TO CONTINUE TRIAL DATE - 2