UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>   v.<br><br>DONTE MCCLELLON,<br><br>                Defendant. | CASE NO. CR22-0073-LK<br><br>ORDER GRANTING MOTION TO CONTINUE TRIAL DATE |

      This matter comes before the Court on a motion seeking a continuance of the trial date filed by Assistant Federal Public Defender Vanessa Pai-Thompson. Dkt. No. 46. The Government and Defendant Donte McClellon oppose the continuance. The Government bases its opposition on the fact that it "has been preparing for an October 24 trial . . . and because the current schedule allows adequate time for effective defense preparation," but concedes that this case involves significant financial discovery and that "granting the requested trial continuance would not violate McClellon's statutory or constitutional speedy-trial rights." Dkt. No. 50 at 2, 3. The Court held a hearing on the motion on September 7, 2022, and heard from Mr. McClellon, his counsel, and the Government.

ORDER GRANTING MOTION TO CONTINUE TRIAL DATE - 1

Based on the facts set forth in the motion, the statements made during the hearing, and the record in this case, the Court finds that the ends of justice would best be served by granting the requested continuance. The additional time requested is a reasonable period of delay and a continuance is necessary to ensure that the defense has adequate time to prepare effectively for trial, as defense counsel averred in the motion and during the hearing that she needs additional time to review and analyze discovery, consider possible defenses, retain and work with experts, and gather evidence material to the defense. *See* Dkt. No. 46 at 12–13; *See* 18 U.S.C. § 3161(h)(7)(B)(iv). The Court finds that these ends outweigh the best interests of the public and the Defendant in any speedier trial. *See* 18 U.S.C. § 3161(h)(7)(A). A failure to grant the continuance would deny the defense a reasonable time necessary for effective preparation for trial and other pretrial proceedings, taking into account the exercise of due diligence, especially in view of the volume of discovery, the complexity of the case, and the need to consider and consult with an additional expert. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). For these reasons, the failure to grant a continuance would also be likely to result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i).

For the foregoing reasons and the reasons explained during the hearing on this motion, the motion is GRANTED. Dkt. No. 46. The trial date shall be continued from October 24, 2022 to February 6, 2023. Pretrial motions must be filed no later than December 27, 2022.

It is further ORDERED that, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B), the period of delay from the current trial date of October 24, 2022 to the new trial date is EXCLUDED when computing the time within which the trial must commence under the Speedy Trial Act.

1 | Dated this 8th day of September, 2022.

*Lauren King*
Lauren King
United States District Judge