UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>DONTE MCCLELLON,<br><br>　　　　　　　　Defendant. | CASE NO. 2:22-CR-00073-LK<br><br>PROTECTIVE ORDER |

This matter comes before the Court on the Government's Unopposed Motion for Protective Order. Dkt. No. 58. Finding good cause, the Court hereby grants the motion and enters the following Protective Order:

1. <u>Definition of Protected Material</u>

The government obtained from the Internal Revenue Service (IRS) federal tax information relating to defendant Donte Jamal McClellon, Skylake, Frostlake, and Cannonlake. The federal tax information is referred to herein as "Protected Material."

2. <u>Permissible Disclosure of Protected Material</u>

PROTECTIVE ORDER - 1

The United States will make available copies of the Protected Material to defense counsel to comply with the government's discovery obligations. Possession of the Protected Material is limited to defense counsel, as well as her investigators, paralegals, assistants, law clerks, and experts (hereinafter collectively referred to as "members of the defense team"). Defense counsel may provide a copy of the Protected Material to Mr. McClellon so that he may view the material, but Mr. McClellon may not disseminate Protected Material outside of members of the defense team.

Members of the defense team may not provide copies of the Protected Material to other persons. Defense counsel is required to provide a copy of this Protective Order to members of the defense team, including Mr. McClellon, and to obtain written consent from members of the defense team of their acknowledgment to be bound by the terms and conditions of this Protective Order, prior to providing any Protected Material to the members of the defense team. The written consent need not be disclosed or produced to the United States unless requested by the Assistant United States Attorney and ordered by the Court. The defense team shall store the Protected Material in a locked facility.

This order does not limit employees of the United States Attorney's Office for the Western District of Washington from disclosing the Protected Material to members of the United States Attorney's Office, federal law enforcement agencies, and to the Court and defense as necessary to comply with the government's discovery obligations, so long as all the aforementioned disclosures are consistent with federal law.

3. <u>Filing</u>

Any Protected Material that is filed with the Court in connection with pretrial motions, trial, or other matters before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court.

4. <u>Nontermination</u>

The provisions of this Order shall not terminate at the conclusion of this prosecution. Furthermore, at the close of this case, defense counsel shall return the Protected Material, including all copies of the Protected Material, to the office of the United States Attorney; certify that the material has been destroyed; or otherwise securely store the Protected Material.

Notwithstanding the above, defense counsel may keep one digital copy of the Protected Material in its files. That digital copy must be kept in a locked facility with access restricted only to members of the defense team who have agreed to be bound by provisions of this Protective Order.

5. <u>Violation of Any Terms of this Order</u>

Any person who willfully violates this order may be held in contempt of court and may be subject to monetary or other sanctions as deemed appropriate by this Court.

Dated this 23rd day of November, 2022.

*Lauren King*
Lauren King
United States District Judge

PROTECTIVE ORDER - 3