UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br><br>DONTE MCCLELLON,<br><br>　　　　　　　　　　Defendant. | CASE NO. 2:22-CR-00073-LK<br><br>ORDER STRIKING THE TRIAL DATE AND PRETRIAL MOTIONS DEADLINE AND ORDERING DEFENDANT TO APPEAR AT A SCHEDULING CONFERENCE |

　　　　This matter comes before the Court sua sponte. Trial is currently scheduled for February 6, 2023, Dkt. No. 55 at 2, and pretrial motions are due January 6, 2023, Dkt. No. 79 at 1. Counsel for Defendant Donte McClellon have moved to withdraw and for appointment of CJA counsel, Dkt. No. 67, but neither of the scheduled hearings on that motion occurred because Mr. McClellon twice failed to appear, Dkt. Nos. 70, 73. Following the second such hearing on December 28, 2022, a bench warrant issued because Mr. McClellon was not present. Dkt. No. 73.

　　　　"A busy district court can ill afford to block out time for a trial that very likely will not occur. Jurors, witnesses and attorneys will also be greatly inconvenienced if the trial date is retained when it is almost certain the defendant will not appear." *United States v. Fisher*, 137 F.3d

1158, 1163 (9th Cir. 1998). Here, Mr. McClellon has been absent or unavailable within the meaning of 18 U.S.C. § 3161(h)(3) since at least December 22, 2022 because either (1) "his whereabouts are unknown and, in addition, he is attempting to avoid apprehension or prosecution or his whereabouts cannot be determined by due diligence" or (2) "his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial." In addition, given defense counsel's pending motion to withdraw and Mr. McClellon's repeated failure to appear at scheduled hearings, the Court finds that a failure to continue trial would result in a miscarriage of justice and would either unreasonably deny the defendant reasonable time to obtain counsel, or, should counsel's motion to withdraw be denied, would deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv). Accordingly, the Court finds that that the ends of justice served by striking the trial date and requiring Mr. McClellon to appear in Court to establish a new trial date outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

For the above reasons, the Court STRIKES the February 6, 2023 trial date and the January 6, 2023 pretrial motions deadline and ORDERS the parties, including Mr. McClellon, to appear before the Court at 10:00 a.m. on February 6, 2023 for a scheduling conference to establish a new trial schedule. The period of delay until the new trial date is EXCLUDED when computing the time within which the trial must commence under the Speedy Trial Act.

Dated this 6th day of January, 2023.

*Lauren King*
Lauren King
United States District Judge

ORDER STRIKING THE TRIAL DATE AND PRETRIAL MOTIONS DEADLINE AND ORDERING DEFENDANT TO APPEAR AT A SCHEDULING CONFERENCE - 2