UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>DONTE MCCLELLON,<br><br>　　　　　　　Defendant. | CASE NO. 2:22-CR-00073-LK<br><br>ORDER GRANTING MOTION TO CONTINUE TRIAL DATE |

　　　This matter comes before the Court on a motion seeking a continuance of the trial date filed by Defendant's recently appointed attorneys Emma Scanlan and Kristen Murray. Dkt. No. 96. The Government does not oppose the motion, but Defendant Donte McClellon does. *Id.* at 1. The Court held a hearing on the motion on February 14, 2023, and heard from Mr. McClellon, his counsel, and the Government. Dkt. No. 98.

　　　The Federal Public Defender's Office was appointed to represent Mr. McClellon on May 19, 2022. Dkt. No. 5. On January 31, 2023, the Court heard and granted Defense counsel's Motion to Withdraw and for Appointment of CJA Counsel. Dkt. Nos. 84, 85. Ms. Scanlan was appointed

ORDER GRANTING MOTION TO CONTINUE TRIAL DATE - 1

to represent Mr. McClellon on February 2, 2023, Dkt. No. 88, and Ms. Murray was appointed as second counsel for Mr. McClellon on February 6, 2023, Dkt. No. 93.

Based on the facts set forth in the motion, the statements made during the hearing, and the record in this case, the Court finds that the ends of justice would best be served by granting the requested continuance. The additional time requested is a reasonable period of delay and a continuance is necessary to ensure that the defense has adequate time to prepare effectively for trial, as a superseding indictment adding three counts of wire fraud was filed on December 13, 2022, and defense counsel averred in the motion and during the hearing that they need additional time to review and analyze the over 9,000 pages of discovery (including complex financial documents); obtain the assistance of experts; obtain and review the files of Mr. McClellon's previous counsel; and meet with him to prepare his defense. *See* Dkt. No. 96 at 2, 4–5; Dkt. No. 62; *see* 18 U.S.C. § 3161(h)(7)(B)(iv). A failure to grant the continuance would deny the defense a reasonable time necessary for effective preparation for trial and other pretrial proceedings, taking into account the exercise of due diligence, especially in view of the volume of discovery, the complexity of the case, the need for expert consultation, and the recency of new counsel's appointment. *Id.* The Court finds that these ends outweigh the best interests of the public and the Defendant in any speedier trial. *See id.* § 3161(h)(7)(A). For these reasons, the failure to grant a continuance would also be likely to result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i).

For the foregoing reasons and the reasons explained during the hearing on this motion, the motion is GRANTED. Dkt. No. 96. The trial date shall be continued from March 6, 2023 to May 22, 2023. Pretrial motions must be filed no later than April 10, 2023.

ORDER GRANTING MOTION TO CONTINUE TRIAL DATE - 2

It is further ORDERED that, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B), the period of delay from the current trial date of March 6, 2023 to the new trial date is EXCLUDED when computing the time within which the trial must commence under the Speedy Trial Act.

Dated this 17th day of February, 2023.

*Lauren King*
Lauren King
United States District Judge