UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>   v.<br><br>DONTE MCCLELLON,<br><br>              Defendant. | CASE NO. 2:22-CR-00073-LK<br><br>ORDER GRANTING MOTION TO CONTINUE TRIAL DATE |

This matter comes before the Court on a motion seeking a continuance of the trial date filed by Defendant's appointed attorneys Emma Scanlan and Kristen Murray. Dkt. No. 124. The Government does not oppose the motion, but Defendant Donte McClellon does. *Id.* at 1–2. The Court held a hearing on the motion on April 25, 2023, and heard from Mr. McClellon, his counsel, and the Government. Dkt. No. 125.

The Federal Public Defender's Office was appointed to represent Mr. McClellon on May 19, 2022. Dkt. No. 5. On January 31, 2023, the Court heard and granted Defense counsel's Motion to Withdraw and for Appointment of CJA Counsel. Dkt. Nos. 84, 85. Ms. Scanlan was appointed to represent Mr. McClellon on February 2, 2023, Dkt. No. 88, and Ms. Murray was appointed as

1   second counsel for Mr. McClellon on February 6, 2023, Dkt. No. 93. Since their appointment,

2   defense counsel have devoted significant time to multiple matters on Mr. McClellon's behalf,

3   including a motion to continue the trial date, Dkt. No. 96; Mr. McClellon's oral motion for new

4   counsel, Dkt. No. 99; a motion for review of the denial of his prior motion for new counsel, Dkt.

5   Nos. 101, 104; a hearing on bond revocation, Dkt. Nos. 113; and defense counsel's motions to

6   withdraw as counsel, Dkt. Nos. 106, 118; *see* also Dkt. No. 124 at 3–4 (cataloguing counsel's

7   representation since appointment). On April 12, 2023, United States Magistrate Judge Brian A.

8   Tsuchida held a hearing on Ms. Scanlon and Ms. Murray's most recent motion to withdraw as

9   counsel, Dkt. No. 118, denied the motion, and directed the appointment of a third attorney to

10   represent Mr. McClellon, Dkt. No. 123.[1]

11       Based on the facts set forth in the motion, the statements made during the hearing, and the

12   record in this case, the Court finds that the ends of justice would best be served by granting the

13   requested continuance. The additional time requested is a reasonable period of delay and a

14   continuance is necessary to ensure that the defense has adequate time to prepare effectively for

15   trial in light of (a) the substantial time defense counsel has had to devote to three motions to

16   withdraw and a substantive bond revocation hearing; (b) the complex nature of the case; (c) the

17   recent productions of discovery provided to the defense; (d) the volume of discovery; (e) the need

18   for additional expert work; and (f) the need for defense counsel to have an appropriate period to

19   review discovery, consult with their client, and prepare a defense. *See* Dkt. No. 124 at 6, 8–10; *see*

20   18 U.S.C. § 3161(h)(7)(B)(iv). A failure to grant the continuance would deny the defense a

21

22   _____

23   [1] The deadline to file pretrial motions lapsed while the motion for new counsel was pending. In their motion to continue the trial date, defense counsel states that they "informed the Court by email of the parties' intention or suggestion to address the pretrial motions deadline after the motion for new counsel was decided. This course of action was confirmed." Dkt. No. 124 at 1 n.1. The Court does not "confirm" the timeliness of future filings or issue advisory opinions via email, and any request for relief should be filed in a motion.

24

ORDER GRANTING MOTION TO CONTINUE TRIAL DATE - 2

reasonable time necessary for effective preparation for trial and other pretrial proceedings, taking into account the exercise of due diligence, especially in view of the volume of discovery, the complexity of the case, and the need for expert consultation. 18 U.S.C. § 3161(h)(7)(B)(iv). The Court finds that these ends outweigh the best interests of the public and the Defendant in any speedier trial. *See id.* § 3161(h)(7)(A). For these reasons, the failure to grant a continuance would also be likely to result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i).

For the foregoing reasons and the reasons explained during the hearing on this motion, the motion is GRANTED. Dkt. No. 124. The trial date shall be continued from May 22, 2023 to October 30, 2023. Pretrial motions must be filed no later than September 18, 2023.

It is further ORDERED that, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B), the period of delay from the date of this Order to the new trial date is EXCLUDED when  computing the time within which the trial must commence under the Speedy Trial Act.

Dated this 25th day of April, 2023.

Lauren King
United States District Judge