UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>    v.<br><br>DONTE MCCLELLON,<br><br>           Defendant. | CASE NO. 2:22-CR-00073-LK<br><br>ORDER CONTINUING PRETRIAL MOTIONS DEADLINE AND TRIAL DATE |

  This matter comes before the Court on its authority to continue trial under 18 U.S.C. § 3161(h). On October 30, 2023, Defendant Donte McClellon filed a Motion for a Status Conference, in which his newly appointed counsel indicated that the current trial date is unworkable and requested that the Court hold a status conference to determine a reasonable date for the trial. Dkt. No. 151 at 2–3. Trial is currently set for December 4, 2023, and pretrial motions were due October 30, 2023. Dkt. Nos. 141, 146.

  Mr. McClellon's former counsel withdrew on October 25, 2023. Dkt. No. 148. On October 27, 2023, the Court appointed Peter Camiel and Stephan Illa to represent Mr. McClellon. Dkt. Nos. 149, 150. When Mr. Illa met with Mr. McClellon on October 30, 2023, he informed Mr. McClellon

that "the trial date would likely need to be continued" because Mr. Illa was unavailable on the current trial date and he and co-counsel "would need more than a month to review the discovery and prepare pretrial motions." Dkt. No. 151 at 2. Mr. Illa further explained that the October 30, 2023 pretrial motions deadline "would also need to be continued." *Id.* Mr. McClellon stated that he did not agree that a motion to continue the trial date was necessary and refused to sign a waiver of his speedy trial rights. *Id.* at 3. Mr. Illa suggested filing "a motion for a status conference, where the parties and the Court could determine a reasonable date for the trial," and Mr. McClellon agreed with that suggestion and directed his counsel to file the motion. *Id.*

The Court granted the motion for a status conference, setting it for November 7, 2023. Dkt. Nos. 151, 152. During the status conference, the Court heard from Mr. McClellon, his counsel, and the Government.

Mr. McClellon attempted to file numerous motions and a notice of appeal during the status conference. The Court explained that those motions were not properly before it because Mr. McClellon is represented by counsel and therefore cannot file motions pro se. *See Krongkiet v. Beard*, 597 F. App'x 416, 417 (9th Cir. 2015) ("[T]he trial court need not entertain [a pro se] motion while [a defendant] remained represented by counsel." (citing *United States v. Bergman,* 813 F.2d 1027, 1030 (9th Cir. 1987)); LCrR 62.2 (A represented party "cannot appear or act on his . . . own behalf in that case, or take any step therein, until after the party requests by motion to proceed on his . . . own behalf, certifies in the motion that he . . . has provided copies of the motion to his . . . current counsel and to the opposing party, and is granted an order of substitution by the court terminating the party's attorney as counsel and substituting the party in to proceed pro se; provided, that the court may in its discretion hear a party in open court, notwithstanding the fact that he . . . is represented by an attorney."). Although Mr. McClellon's requests relating to his counsel and

ORDER CONTINUING PRETRIAL MOTIONS DEADLINE AND TRIAL DATE - 2

potentially proceeding pro se, with hybrid representation, and/or with four attorneys were unclear, the Court referred that oral motion to a Magistrate Judge.

Defense counsel then explained what preparation would be required to provide constitutionally adequate representation to Mr. McClellon and identified the earliest dates by which they could adequately be prepared for trial and the pretrial motions deadline.

Based on the statements made during the hearing, and after consideration of the record in this case, the Court finds that there are numerous significant obstacles that will prevent Mr. McClellon's newly appointed attorneys from being prepared for trial by December 4, 2023, and that the ends of justice would best be served by continuing the trial date so they can provide constitutionally adequate representation. *See* 18 U.S.C. § 3161(h)(7)(A). A failure to grant the continuance would deny the defense a reasonable time necessary for effective preparation for trial and other pretrial proceedings, especially in view of counsel's recent appointment, the volume of discovery, the complexity of the case, and the need to consider and consult with experts, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv). The Court finds that these ends outweigh the best interests of the public and Mr. McClellon in any speedier trial. *See id.* § 3161(h)(7)(A). For these reasons, the failure to grant a continuance would also be likely to result in a miscarriage of justice within the meaning of Section 3161(h)(7)(B)(i). Furthermore, due to the time required to prepare for trial and prepare pretrial motions, this continuance would be necessary whether Mr. McClellon continues with current counsel, proceeds with new or additional counsel, or proceeds pro se or in a hybrid fashion.

For the foregoing reasons, and the reasons explained during the hearing, the trial date is continued from December 4, 2023 to January 8, 2024. Pretrial motions must be filed no later than December 4, 2023.

It is further ORDERED that, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B), the period of delay from the date of this Order to the new trial date is EXCLUDED when computing the time within which the trial must commence under the Speedy Trial Act.

Dated this 8th day of November, 2023.

*Lauren King*
Lauren King
United States District Judge