UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>DONTE MCCLELLON,<br><br>　　　　　　　　Defendant. | CASE NO. 2:22-CR-00073-LK<br><br>ORDER REGARDING AGREED MOTIONS IN LIMINE |

　　　　This matter comes before the Court on Defendant Donte McClellon's Agreed Motions In Limine. Dkt. No. 179. For the reasons discussed below, the Court grants Mr. McClellon's motion.

## I.   BACKGROUND

　　　　On May 20, 2022, a federal grand jury returned an indictment charging Mr. McClellon with three counts of Bank Fraud in violation of 18 U.S.C. §§ 2, 1344. Dkt. No. 6 at 4–7. On December 13, 2022, Mr. McClellon was charged by superseding indictment with three counts of Wire Fraud and two counts of Bank Fraud in violation 18 U.S.C. §§ 2, 1343–44. Dkt. No. 62 at 4–11. And on November 29, 2023, Mr. McClellon was charged with the same offenses by a second

superseding indictment. Dkt. No. 174 at 4–11. Trial in this case is scheduled for January 8, 2024. Dkt. No. 161 at 3.

## II.   DISCUSSION

Pursuant to Federal Rule of Criminal Procedure 12 and Local Criminal Rule 23.1(6), Mr. McClellon has submitted 14 agreed motions in limine. Dkt. No. 179. Specifically, he proposes the following agreed-upon orders:

1. Witnesses—except for Mr. McClellon and the Government's designated representative—are excluded from the courtroom until their testimony has been completed. *Id.* at 2.

2. Witnesses are ordered not to discuss their testimony or other matters related to the case with other witnesses. *Id.*

3. Parties must give each other notice of their expected witnesses the day before calling them to testify. *Id.* at 3.

4. References by witnesses or arguments by counsel regarding Mr. McClellon's non-testimonial demeanor are prohibited. *Id.* at 3–4.

5. Testimony implying a personal belief in Mr. McClellon's guilt and arguments that imply a personal belief in his guilt are prohibited. *Id.* at 4–5.

6. Testimony and arguments regarding Mr. McClellon's invocation of his right to remain silent and his right to counsel in response to law enforcement questioning are prohibited. *Id.* at 5.

7. Testimony and arguments regarding past, present, or future charges or claims in other proceedings in state or federal court regarding Mr. McClellon are prohibited, as well as evidence of such proceedings, including civil lawsuits, pleadings, claims, and statements asserted or filed by Mr. McClellon or agents supposedly acting on his behalf. *Id.*

8. References to Mr. McClellon's personal relationships, sexual orientation, or marital status are prohibited. *Id.*

9. Arguments that Mr. McClellon sought to flee from prosecution or that his alleged flight is evidence of his guilty state of mind are prohibited. *Id.* at 5–6.

10. Testimony and arguments regarding Mr. McClellon's name change to Donte Harrington on July 11, 2018 are prohibited. *Id.* at 6.

11. Testimony and arguments regarding Mr. McClellon's purchase of a ticket for a flight to Spain are prohibited. *Id.*

12. Testimony and arguments regarding Mr. McClellon's Instagram posts and photos are prohibited. *Id.*

13. Defense counsel is allowed to bring food and liquids into the United States Courthouse for the duration of trial. *Id.* at 6–7.

14. Counsel for each party are required to inform their witnesses of pertinent rulings by this Court and to direct each witness to abide by those rulings before testifying at trial. *Id.* at 7.

Pursuant to the parties' agreement, the Court grants Mr. McClellon's uncontested motions in limine. The Court further clarifies that non-exempt witnesses subject to recall will be required to exit the courtroom until called back or excused, while excused witnesses may exit or remain in the courtroom following their testimony at their election. Counsel must ensure that there are no prospective non-exempt witnesses in the courtroom during the testimony of another witness. With respect to item number 5 above, the Court clarifies that counsel is permitted to marshal the evidence presented at trial and advocate in favor of reasonable inferences to be drawn from that evidence. *See United States v. Younger*, 398 F.3d 1179, 1190–91 (9th Cir. 2005). And with regard to counsel's request to bring food and drink into the courthouse, the Court will issue a minute order allowing counsel to bring food and other liquids into the courthouse for the duration of trial.

### III.  CONCLUSION

For the foregoing reasons, Mr. McClellon's Agreed Motions In Limine, Dkt. No. 179, are GRANTED.

Dated this 14th day of December, 2023.

Lauren King
United States District Judge