UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>DONTE MCCLELLON,<br><br>　　　　　　　Defendant. | CASE NO. 2:22-CR-00073-LK<br><br>ORDER REGARDING MASKING AT TRIAL |

　　　This matter comes before the Court on Defendant Donte McClellon's Agreed & Disputed Motions *In Limine* Re: Unmasking. Dkt. No. 169. The motion is granted in part, denied in part, and deferred in part.

　　　Mr. McClellon is scheduled to stand trial before a jury for three counts of Wire Fraud and two counts of Bank Fraud. Dkt. No. 174 at 4–11; *see also* Dkt. Nos. 159, 161. He moves for an order prohibiting (1) any testifying witness from wearing a mask, face shield, or other facial covering that might obstruct the jury's view of the witness while testifying; (2) the jury venire from wearing masks, face shields, or other facial coverings during voir dire and jury selection; and (3) the petit jury from wearing masks, face shields, or other facial coverings while the Court is in

ORDER REGARDING MASKING AT TRIAL - 1

session. Dkt. No. 169 at 1–2. The Government agrees that the first request is within the Court's discretion but "respectfully reserves the right to readdress this issue if a witness articulates a specific health concern." Dkt. No. 178 at 1; *see also* Dkt. No. 169 at 2. As for the second and third requests, the Government "takes no position" and "instead defers to the Court's good judgment." Dkt. No. 178 at 1; Dkt. No. 169 at 4. It also recognizes that "this decision may involve an individualized determination given a juror's personal medical concerns or beliefs about masking." Dkt. No. 178 at 2. The Court orders as follows:

1. The Court will instruct witnesses not to wear a face mask, face shield, or any other obstructive face covering while testifying, unless there is a medical reason requiring such protection. The Court reserves the right to address the issue on an individualized basis should that scenario arise.

2. The Court declines to impose a venire-wide ban on masks or other face coverings. It will instead instruct any masked prospective jurors to remove their masks during voir dire if they are comfortable doing so. Unlike the Confrontation Clause issue with masked witnesses, the Court is unaware of any authority, nor has Mr. McClellon cited any, holding that a defendant has a right to unimpeded visual access to prospective jurors' facial expressions during jury selection. *See, e.g.*, *United States v. Ayala-Vieyra*, No. 21-1177, 2022 WL 190756, at *5 & n.1 (6th Cir. Jan. 21, 2022); *United States v. Thompson*, 543 F. Supp. 3d 1156, 1164 (D.N.M. 2021); *United States v. Tagliaferro*, 531 F. Supp. 3d 844, 851 (S.D.N.Y. 2021); *United States v. Schwartz*, No. 19-20451, 2021 WL 5283948, at *2 (E.D. Mich. Nov. 12, 2021). Furthermore, the Court takes seriously its special responsibility to protect the members of the venire and the jury as they carry on one of the nation's most sacred civic duties. Prospective jurors selected from a representative cross-section of the community, including citizens who may have

health conditions or other issues requiring masking (such as recent exposure to COVID-19), should not be forced to choose between performing their civic duty and protecting their health. The Court believes that Mr. McClellon's ability to ask questions during voir dire and to see the upper half of the faces of prospective jurors who elect not to unmask is enough to satisfy his rights during jury selection. However, Mr. McClellon is free to request individualized determinations regarding whether a prospective juror should be required to remove their mask, and the Court reserves the right to do so sua sponte as well. Mr. McClellon is also free to request jury selection via Zoom.

3. The Court similarly declines to impose a mask ban on the petit jury. It will instead instruct any masked petit jurors that they should remove their masks if they are comfortable doing so. The Court reserves the right to revisit this issue at trial should the need arise. In so ruling, the Court observes that many of Mr. McClellon's concerns about masked prospective jurors during voir dire—such as deficiencies in interpersonal communication—are of no or reduced relevance once jurors are impaneled.

Mr. McClellon's motion, Dkt. No. 169, is GRANTED IN PART, DENIED IN PART, and DEFERRED IN PART.

Dated this 15th day of December, 2023.

Lauren King
United States District Judge