UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br>      v.<br><br>DONTE MCCLELLON,<br><br>                          Defendant. | CASE NO. 2:22-CR-00073-LK<br><br>ORDER ON DISPUTED MOTIONS IN LIMINE |

       This matter comes before the Court on Defendant Donte McClellon's Disputed Motions *in Limine*. Dkt. No. 180. The motion is granted in part and denied in part.

       Mr. McClellon's jury trial is scheduled to begin on January 8, 2024. Dkt. Nos. 159, 161, 174. Although the Government stipulated to 14 of Mr. McClellon's proposed motions in limine, Dkt. No. 200 at 2–3, it opposes the following two:

    1.1    Testimony & arguments regarding the defendant's failure to produce evidence are prohibited; and

    1.2    Parties shall disclose to each other any exhibits, videos, photographs, or computer slide shows the day before using them in opening statement or closing argument.

Dkt. No. 180 at 1; Dkt. No. 194 at 1–2. The Court addresses these in turn.

### A.     Testimony and Arguments Regarding Defendant's Failure to Produce Evidence

With respect to the first disputed issue, Mr. McClellon argues that his proposed language "recites precisely a core principle" of criminal law, i.e., that the Government "bears the entire burden of proving each element of its case beyond a reasonable doubt." Dkt. No. 180 at 2. The Government agrees with this bedrock principle: "The government bears the burden of proof, and the defendant does not have to testify or present any evidence." Dkt. No. 194 at 3. Mr. McClellon goes one step further, though, and suggests that "[i]t is error for a prosecutor to comment on the lack of defense evidence[] because the defendant has no duty to present any evidence or call any witnesses." Dkt. No. 180 at 2. The Court partially disagrees.

A criminal defendant is presumed innocent unless the Government proves each element of the charged offense beyond a reasonable doubt. *Clark v. Arizona*, 548 U.S. 735, 766 (2006). This means that a defendant has no obligation or duty to prove his innocence, i.e., he need not present evidence. Indeed, the Fifth Amendment "forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt." *Griffin v. California*, 380 U.S. 609, 615 (1965). But the Government may "call attention to the defendant's failure to present exculpatory evidence more generally," *United States v. Mayans*, 17 F.3d 1174, 1185 (9th Cir. 1994), and "highlight the weaknesses of a defendant's case," *United States v. Vaandering*, 50 F.3d 696, 701 (9th Cir. 1995), so long as the Government's statement is not "of such a character that the jury would naturally and necessarily take it to be a comment on the failure to testify," *Demirdjian v. Gipson*, 832 F.3d 1060, 1067 (9th Cir. 2016) (quoting *Lincoln v. Sunn*, 807 F.2d 805, 809 (9th Cir. 1987)). Courts therefore distinguish "between comments about the lack of explanation provided by the *defense*, and comments about the lack of explanation furnished by the *defendant*." *Mayans*, 17 F.3d at 1185; *see, e.g.*, *United States v. Johnson*, 767 F.3d 815, 825

ORDER ON DISPUTED MOTIONS IN LIMINE - 2

(9th Cir. 2014) (prosecutor's comments focused on the defendant's "failure to present evidence, not his failure to testify"); *United States v. Cabrera*, 201 F.3d 1243, 1249–50 (9th Cir. 2000) (prosecutor's closing argument about defendant's failure to corroborate his testimony and call a witness did not shift the burden of proof and was therefore permissible); *United States v. Mende*, 43 F.3d 1298, 1301 (9th Cir. 1995) (prosecutor's comment "addressed the defense's failure to produce any evidence of paid guaranties or any other prior successful business transactions in support of [the defendant]'s claim that the government had deliberately withheld evidence of his legitimate business activities").

     Here, the Government wishes to make "permissible arguments [about Mr. McClellon]'s credibility, if he chooses to testify, or weaknesses in the defense['s] case, if he chooses to present one." Dkt. No. 194 at 4. This is allowable. To the extent Mr. McClellon wishes to preclude the Government from commenting on his decision not to testify (if he declines to do so), that is a preexisting constitutional restraint, and no order to that effect is necessary. "The purpose of a motion in limine is not to obtain a generic ruling that the parties must follow the rules of evidence and civil procedure," or that they must abide by well-established precedent. *Droplets, Inc. v. Yahoo! Inc.*, No. 12-CV-03733-JST, 2022 WL 2670188, at *5 (N.D. Cal. Feb. 28, 2022); *see also United States v. Pilisuk*, No. CR22-001 TL, 2023 WL 576523, at *5 (W.D. Wash. Jan. 27, 2023) (striking defendant's motion in limine "as unnecessary, as it simply asks the Government to follow the rules of evidence, which all counsel are expected to do as officers of the Court"). This portion of Mr. McClellon's motion in limine is denied.[1]

---

[1] Mr. McClellon cites two other cases from this district in which the Government stipulated to entry of his proposed directive without objection, and notes that the Government has been going along with such language "for years." Dkt. No. 180 at 3 & n.7–8. The Government is not obligated to so stipulate in this case.

ORDER ON DISPUTED MOTIONS IN LIMINE - 3

B.      **Disclosure of Materials the Day Before Opening and Closing Arguments**

As for the second disputed issue, the Government has since agreed to provide Mr. McClellon with the requested materials the day before their use in opening statements. Dkt. No. 194 at 4. The parties still disagree, however, as to whether the proposed prior-day advance notice should apply to materials used in closing arguments. *Id.* Mr. McClellon bases his request on trial efficiency and the alleged need for "a reasonable opportunity to evaluate the propriety of the proposed exhibits, research objections, and respond in writing if necessary." Dkt. No. 180 at 4 ("The Court can then rule on the objections, and the presentation can be revised or edited to conform with the ruling."). The Government characterizes the request as "an additional administrative burden" and "a premature and artificial deadline on the finalization of its closing argument[.]" Dkt. No. 194 at 5. According to the Government, "it is rare for closing arguments to be finalized the day before they are given, particularly when witnesses testify the same day as closing argument." *Id.* at 4–5. Moreover, it says, the Court has already admitted or excluded all evidence at the time of closing arguments, and concerns about orderly and efficient trial presentation do not "carry the same weight when the Court has already admitted the evidence" at issue. *Id.* at 5.

Although the Court appreciates Mr. McClellon's desire to promote trial efficiency, he provides no authority for the proposed previous-day disclosure requirement. And the Court has found none. Mr. McClellon instead asserts that "ordinarily, lawyers—even those [who] work for the government—agree to provide exhibits the day before presenting them." Dkt. No. 180 at 3. He cites to orders in three cases from this district in support: *United States v. Robinson*, No. 2:22-CR-00212-TL, Dkt. No. 83 (W.D. Wash. Sept. 5, 2023), *United States v. Alston*, No. 2:22-CR-00066-LK, Dkt. No. 59 (W.D. Wash. June 27, 2023), and *United States v. Woolard*, No. 2:18-CR-00217-RSM, Dkt. No. 800 (W.D. Wash. July 8, 2021). *Id.* at n.12. None of these orders imposed the

requested requirement or involved an agreement to that effect. Rather, the *Alston* and *Woolard* orders memorialized the parties' stipulation that they "should endeavor" to disclose any exhibits, videos, photographs, or other materials before closing arguments. *See Alston*, No. 2:22-CR-00066-LK, Dkt. No. 59 at 3; *Woolard*, No. 2:18-CR-00217-RSM, Dkt. No. 800 at 2. And the order in *Robinson* summarily granted two stipulated motions in limine, neither of which relates to the issue at hand. *See Robinson*, No. 2:22-CR-00212-TL, Dkt. Nos. 70, 83.

Because the parties have agreed to provide one another prior-day notice of the exhibits and other materials they intend to use during opening remarks, Mr. McClellon's motion in limine is granted in part. The Court declines to impose such a requirement with respect to closing arguments. The remainder of Mr. McClellon's motion is therefore denied. However, the Court does encourage the parties to endeavor to disclose to each other any demonstratives they plan to use in closing arguments as far in advance as possible so that any disputes can be brought to the Court's attention sooner rather than later.

Dated this 22nd day of December, 2023.

*Lauren King*
Lauren King
United States District Judge