UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>DONTE JAMAL MCCLELLON,<br><br>  Defendant. | CASE NO. 2:22-cr-00073-LK<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR ACCESS TO JURY SELECTION RECORDS (DKT. NO. 167) |

**I    INTRODUCTION**

On November 22, 2023, Defendant Donte Jamal McClellon moved for access to jury selection records to determine whether he has a meritorious challenge to the Court's jury selection procedures under the Sixth Amendment and Jury Selection and Service Act ("JSSA"), 28 U.S.C. §§ 1861–1878. (Dkt. No. 167.) The Government objected in part. (Dkt. No. 173.) In accordance with the Amended Jury Selection Plan for the Western District of Washington, the motion was referred to the Chief Judge of the U.S. District Court for the Western District of Washington. (Dkt. No. 198.) Trial is scheduled for January 8, 2024. (Dkt. No. 187.)

For the reasons set forth below, the Court GRANTS in part and DENIES in part Defendant's motion.

## II   LEGAL STANDARD

The Sixth Amendment guarantees a criminal defendant a jury selected "from a representative cross section of the community." *Taylor v. Louisiana*, 419 U.S. 522, 528 (1975). Similarly, the JSSA states that "all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes." 28 U.S.C. § 1861. The JSSA further "prescribes a variety of procedures to guide districts in compiling qualified jury pools." *United States v. Hernandez-Estrada*, 749 F.3d 1154, 1167 (9th Cir. 2014).

A defendant in a criminal case "may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of [the JSSA] in selecting the grand or petit jury." 28 U.S.C. § 1867(a). In order to bring such a motion, the defendant is entitled to disclosure of "[t]he contents of records or papers used by the jury commission or clerk in connection with the jury selection process." 28 U.S.C. § 1867(f). Importantly, a defendant's access to records under § 1867(f) "may not be conditioned on a defendant first showing a probability of success on the merits of the jury challenge." *United States v. Holmes*, 2020 WL 5408163, at *2 (N.D. Cal. Sept. 9, 2020); *see also United States v. Beaty*, 465 F.2d 1376, 1381–82 (9th Cir. 1972). However, disclosure may be ordered only to the extent that it "may be necessary in the preparation or presentation" of the jury challenge. 28 U.S.C. § 1867(f). "[T]he JSSA is not a license for litigants to rummage at will through all jury-related records maintained by the Clerk of Court." *United States v. Crider*, 2021 WL 4226149, at *3 (S.D. Cal. Sept. 15, 2021) (internal citation and quotation omitted).

## III    DISCUSSION

Defendant raises nineteen requests for grand and petit jury selection records pursuant to § 1867(f) of the JSSA.[1]  (Dkt. No. 167.)  He asserts the requested information will help him "assure Defendant's jury pool results do not exclude a distinctive group" (*id.* at 4), "uncover the disproportionate numbers among distinctive groups in the community and in the jury pool" (*id.*), "find[] any inaccuracies or discrepancies" in data related to jury selection (*id.* at 5), and "determine whether COVID-19 has caused deviations in this district's Jury Selection Plan" (*id.* at 6).

The Government does not oppose Defendant's inspection of "(1) the Western District of Washington's Amended Jury Selection plan and related general notice; (2) the Clerk's Reports on Operation of the Jury Selection Plan (commonly referred to as AO 12 forms) or equivalent; (3) the Clerk's records reflecting the methods or procedures by which grand and petit jurors were summoned and empaneled in this case; and (4) jury lists related to the selection of grand jurors in this case, with the non-demographic, personal identifying information of the grand jurors redacted."  (Dkt. No. 173 at 3.)  However, the Government contends Defendant "has not shown that the rest of the information he requests is reasonably necessary to any fair-cross-section challenge that he might raise."  (*Id.*)  The Government also argues Defendant's requests for

---

[1] Defendant also bases his motion on Federal Rule of Criminal Procedure 6(e).  (Dkt. No. 167 at 1.)  Rule 6(e) provides that grand jury proceedings must be recorded and enumerates exceptions to the general rule of grand jury secrecy.  One such exception states that a "court may authorize disclosure . . . of a grand-jury matter . . . at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury."  Fed. R. Crim. P. 6(e)(3)(E)(ii).  Importantly, such a request "should be granted only when the party seeking [disclosure] has demonstrated that a 'particularized need exists . . . which outweighs the policy of secrecy."  *United States v. Sulla*, 2023 WL 8789690, at *9 (D. Haw. Nov. 28, 2023) (internal quotations omitted) (citing *United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986)).  As Defendant's motion contains no assertion of a particularized need, the Court declines to analyze Defendant's requests on the basis of Rule 6(e).

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR ACCESS TO JURY SELECTION RECORDS (DKT. NO. 167) - 3

jurors' personally identifying information should be denied because they seek to effect "an enormous invasion of juror privacy" and are "not relevant to [the] investigation of a potential JSSA claim." (*Id.* at 4.)

The Court addresses each of Defendant's requests in turn.

**A.     Request 1**

Defendant first requests "[t]he Jury Selection Plan for the Western District of Washington in effect and at the time jurors were summoned in this case, or confirmation that the plan has at all such times been codified in its entirety." (Dkt. No. 167 at 4.)  Defendant does not require an order from the Court to access the Jury Selection Plan.  It is accessible to the public on the Court's website and contains the date it went into effect.[2]  Accordingly, this request is DENIED as moot.

**B.     Request 2**

Defendant asks for "[a]ny temporary Jury Selection Plan or Order utilized to accommodate the ongoing COVID-19 pandemic." (*Id.*)  The Clerk's Office has confirmed the Jury Selection Plan was not altered during the Covid-19 pandemic, and that there were no jury selection-related orders to accommodate the pandemic.  The Court DENIES as moot this request.

**C.     Request 3**

Defendant requests "[a]ny Divisional or District forms created relating to the Master Jury Wheel and the Qualified Jury Wheel that were used to summon grand or trial jurors in this case." (*Id.* at 5.)  The Clerk's Office has confirmed the AO-12 form is responsive to this request.  The Government does not object to disclosure of AO-12 forms.  (Dkt. No. 173 at 3.)  Indeed, AO-12

---

[2] https://www.wawd.uscourts.gov/sites/wawd/files/GO%2009-22%20Amended%20Jury%20Selection%20Plan.pdf

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR ACCESS TO JURY SELECTION RECORDS (DKT. NO. 167) - 4

1  forms fall "within the scope of [a] [d]efendant['s] right of access under 28 U.S.C. § 1867(f)."

2  *United States v. Cloud*, 2020 WL 4381608, at *2 (E.D. Wash. July 27, 2020); *see also United

3  States v. Kelly*, 2021 WL 6063961, at *2 (C.D. Cal. Dec. 22, 2021) (ordering disclosure of AO-

4  12 form); *United States v. Yandell*, 2023 WL 2918803, at *2 (E.D. Cal. Apr. 12, 2023) (same).

5  This request is GRANTED, and the Clerk is directed to provide access to the AO-12.

**D.   Request 4**

Defendant requests "[a]ny other statistical or demographic analyses produced to ensure the quality of the Master Jury Wheel and Qualified Jury Wheel used to summon grand jurors or jury venires in this case, and to ensure those Wheels complied with applicable law and the Constitution." (Dkt. No. 167 at 5.)  The Clerk's Office has informed the Court there are no other statistical or demographic analyses.  Accordingly, the request is DENIED at moot.

**E.   Requests 5 and 7**

Requests 5 and 7 seek "[t]he date when the Master Jury Wheel used to summon grand jurors or jury venires in this case was refilled" and "[t]he date when grand jurors or jury venires were summoned and/or empaneled in this case," respectively. (*Id.*)  The relevant dates are contained in the AO-12, which the Court has already ordered to be disclosed.  The Court GRANTS these requests.

**F.   Request 6**

Quoting 28 U.S.C. § 1864(a), Defendant requests "[t]he 'general notice for public review . . . explaining the process by which names are periodically and randomly drawn.'" (*Id.*)  The general notice on random selection of jurors is publicly available on the Court's website.[3]

---

[3] https://www.wawd.uscourts.gov/sites/wawd/files/JuryRandomSelectionProcess.pdf

Accordingly, the Court need not issue an order allowing Defendant access and DENIES as moot this request.

**G.    Request 8**

Defendant asks for "[t]he number of persons summoned from the Qualified Jury Wheel to be considered as jury members in this case." (*Id.*)  To the extent a record containing this information is maintained by the Clerk's Office, the Court GRANTS this request.  *See Cloud*, 2020 WL 4381608, at *4 (finding a request for the number of individuals summoned "within the scope" of a defendant's "right of access under 28 U.S.C. § 1867(f)"); *Crider*, 2021 WL 4226149, at *4 (granting similar request).

**H.    Request 9**

Defendant requests access to "[t]he District and Divisional Master Wheel and the District and Divisional Qualified Jury Wheel," asking that the jury wheels include "the date the juror was summoned, juror name, juror number, race, gender, ethnicity, date of birth, address, county, and jury division." (Dkt. No. 167 at 5.)  The Government objects to the extent the request seeks non-demographic, personally identifying information of prospective jurors.  (Dkt. No. 173 at 4.)

"A litigant has essentially an unqualified right to inspect jury lists," including master jury wheels, "when necessary to prepare a motion" under the JSSA.  *United States v. Armstrong*, 621 F.2d 951, 955 (9th Cir. 1980).  But courts routinely redact personally identifying information in granting a litigant's request for jury wheels.  *See, e.g., Crider*, 2021 WL 4226149, at *5; *United States v. Ramirez-Ortiz*, 2021 WL 1662441, at *4 (S.D. Cal. Apr. 28, 2021); *United States v. Williams*, 2007 WL 1223449, at *6 (D. Haw. Apr. 23, 2007).  Accordingly, the Court GRANTS in part and DENIES in part Defendant's request.  The Clerk is directed to provide the Master and Qualified Jury Wheels used to select grand and trial jurors in this case, including the following

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR ACCESS TO JURY SELECTION RECORDS (DKT. NO. 167) - 6

information to the extent it is maintained in the jury wheels: date of summons, juror number, race, gender, ethnicity, year of birth, zip code, county, and jury division.  However, the Clerk is directed to redact any personally identifying information, including but not limited to name, exact date of birth, street address, telephone number, and social security number.

I.      **Requests 10 and 11**

Request 10 seeks "Status Codes for potential jurors who were selected from the Master Jury Wheel for qualification but either had their qualification form returned by the postal service, did not respond, or were disqualified or exempted from jury service." (Dkt. No. 167 at 5.)  The request proceeds to ask that "[f]or each juror, the data should include whether the form returned was Undeliverable, whether the form was Not Returned, and Reason for Disqualification." (*Id.*) Defendant requests that the data "include . . . the date the juror was summoned, juror name, juror number, race, gender, ethnicity, date of birth, address, county, and jury division." (*Id.*)

Request 11 is similar, if not duplicative.  It seeks "[a]ll persons and their juror status for persons whose juror summons and qualification form were not returned or returned as undeliverable." (*Id.*)  Again, Defendant requests demographic and personally identifying information of each individual. (*Id.*)

The Court finds the requested information on qualification "may demonstrate whether the district's juror selection process causes jurors from particular groups to be disproportionately disqualified or excused from jury service, or whether any differences are due to response rates." *Crider*, 2021 WL 4226149, at *6; *see also Ramirez-Ortiz*, 2021 WL 1662441, at *4; *Cloud*, 2020 WL 4381608, at *4.  However, Defendant has not shown a need for personally identifying information including names, exact dates of birth, and addresses of potential jurors.  *See Crider*,

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR ACCESS TO JURY SELECTION RECORDS (DKT. NO. 167) - 7

2021 WL 4226149, at *6 (granting similar requests but ordering redaction of personally identifying information); *Ramirez-Ortiz*, 2021 WL 1662441, at *4–5 (same).

Accordingly, Requests 10 and 11 are GRANTED in part and DENIED in part. The Clerk is directed to provide the requested records to the extent they are already maintained. If the records include the date a juror was summoned, juror number, race, gender, ethnicity, birth year, county, and jury division, the Clerk is directed to provide that information unredacted. However, the Clerk is directed to redact personally identifying information, including but not limited to names, exact dates of birth, addresses, social security numbers, and telephone numbers. To the extent any "Reason for Disqualification" field may be deemed to contain personally identifying information (e.g., because it reveals a prospective juror's workplace), the Clerk is also directed to redact that information.

**J.    Request 12**

Defendant requests "[a]ll persons summoned to appear in the Clerk's Office for the Western District of Washington." (Dkt. No. 167 at 5.) The Court cannot discern the precise nature of the Defendant's seemingly open-ended request, and it is unclear how the information sought would be necessary to raise a challenge under the JSSA. This request is DENIED.

**K.    Request 13**

Request 13 seeks "[a]ll persons selected as potential grand jurors and petit jurors in this case," including "the date the juror was summoned, juror name, juror number, race, gender, ethnicity, date of birth, address, county, and jury division." (*Id.* at 6.) The request appears duplicative with Request 9, and, to the extent the request is not duplicative, Defendant fails to explain why additional information sought would be necessary to a challenge under the JSSA. *See Ramirez-Ortiz*, 2021 WL 1662441, at *5. Accordingly, Request 13 is DENIED.

### L. Requests 14 and 15

Requests 14 and 15 seek "[t]he juror qualification and/or summons forms for persons summoned to potentially become grand or trial jurors in this case" and "[a]ny temporary or alternative juror qualification and/or summons forms used to accommodate the ongoing COVID-19 pandemic." (Dkt. No. 167 at 6.)

Forms and questionnaires used for juror screening "are a key aspect of jury selection and may give rise to a JSSA claim." *Holmes*, 2020 WL 5408163, at *7.  However, "courts have displayed profound reluctance to provide" completed questionnaires "given the personal information contained on such questionnaires and the apparent unhelpfulness of such questionnaires in assessing the viability of any fair cross-section challenge." *United States v. Rice*, 489 F. Supp. 2d 1312, 1319 (S.D. Ala. 2007); *see also Yandell*, 2023 WL 2918803, at *4 (ordering disclosure of blank forms).  As such, to the extent Defendant requests a *blank* copy of these forms, the requests are GRANTED.

### M. Request 16

Defendant requests "[t]he disposition of each summoned grand or trial juror in this case as to excusal, deferment, disqualification, or selection." (Dkt. No. 167 at 6.) Defendant asks that the data contain "the date the juror was summoned, juror name, juror number, race, gender, ethnicity, date of birth, address, county, and jury division." (*Id.* at 5.)  As jury selection has not yet occurred for trial, the Court only addresses Defendant's request as it pertains to the grand jury.

The Court GRANTS in part and DENIES in part Request 16.  While information on the disposition of summoned grand jurors may be necessary for a challenge under the JSSA, Defendant is not entitled to personally identifying information of prospective grand jurors,

including their names, exact dates of birth, and addresses.  *See Ramirez-Ortiz*, 2021 WL 1662441, at *6.  The Clerk is directed to provide the requested record—insofar as it exists—as to summoned grand jurors (and not trial jurors) in this case, but to redact personally identifying information, including but not limited to name, exact date of birth, address, social security number, and telephone number.

**N.    Requests 17 and 18**

Request 17 seeks "[t]he attendance record and reason for absence by date for each grand juror or jury pool member." (Dkt. No. 167 at 6.)  Request 18 seeks "[a]ll persons who were selected to sit on the grand jury or petit jury but were subsequently replaced, and all persons selected to replace them." (*Id.*)  For both requests, Defendant asks that individuals be identified including by "juror name, juror number, race, gender, ethnicity, date of birth, address, county, and jury division." (*Id.*)  Again, as jurors have not yet been selected for trial, the Court only addresses Requests 17 and 18 insofar as they concern grand jurors.

The Court does not find—and Defendant does not show—that records concerning a grand juror's attendance may be necessary to a challenge under the JSSA.  Defendant only asserts cursorily that the requested data would help "determine whether COVID-19 has caused deviations in this district's Jury Selection Plan." (*Id.*)  But Defendant does not explain how data on attendance could demonstrate a "deviation" to the Court's Jury Selection Plan, or how any such deviations could give rise to a substantial failure of this District to comply with the JSSA.  As such, the Court DENIES Defendant's requests for attendance and replacement records.

**O.    Requests 19**

Defendant asks for "[a]ny communications made outside the jury room related to the COVID-19 pandemic." (*Id.*)  The Court is unable to discern the precise nature of Defendant's

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR ACCESS TO JURY SELECTION RECORDS (DKT. NO. 167) - 10

exceedingly expansive request for "[a]ny communications," or why the "communications" would be necessary to raise a challenge under the JSSA. The request is DENIED.

## IV    CONCLUSION

Having considered Defendant's motion (Dkt. No. 167), the Government's response (Dkt. No. 173), and the remainder of the record, the Court finds and ORDERS that Defendant's motion is GRANTED in part and DENIED in part.

The Clerk of Court is directed to provide to counsel the records ordered to be disclosed in response to Requests 3, 5, 7–11, and 14–16, to the extent the records are already maintained, and to file a sealed copy of the records on the docket as discussed in the protective order below.

This Order does not require the Clerk of Court to create new records or undertake new calculations or analyses. *See Ramirez-Ortiz*, 2021 WL 1662441, at *3 ("the Clerk's Office shall not be required to undertake any new calculations"); *Yandell*, 2023 WL 2918803, at *5 (instructing that order to disclose jury records "does not require any member of the court's staff to prepare or create any records or documents"). The Court emphasizes that to the extent any of the records ordered to be disclosed contain personally identifying information—including but not limited to, name, exact date of birth, street address, telephone number, and social security number—such information must be redacted.

Records disclosed SHALL be subject to the following protective order:

1. The Clerk of Court is directed to file a ***sealed*** copy of the materials on the docket for purposes of maintaining a record of the production. The records shall be made accessible only to current counsel of record for Defendant and the Government.

2. The materials may be used only by counsel, their legal staff and experts in connection with the preparation and/or litigation of a motion in this case challenging jury selection

procedures. The materials may not be used for purposes of jury selection, trial, or any other matter.

3. The materials shall be destroyed by counsel, their legal staff and experts upon completion of this case and any related appeals, or upon withdrawal or disqualification of counsel from this case. Counsel shall file a notice with the Court confirming such destruction once it has been accomplished, and that no materials have been retained in duplicative form.

4. Consistent with 28 U.S.C. § 1867(f), the materials may not be disclosed, shown or distributed in any manner to third parties. The materials may only be disclosed to individuals who have a need to view the materials as may be necessary in the preparation or presentation of a motion challenging jury selection procedures.

5. Defendant shall not possess the materials at any time, except when reviewing the materials with counsel, and then counsel shall retrieve and maintain all such materials.

6. Every attorney who accesses the materials is personally responsible not only for his or her compliance with this protective order, but also his or her client's compliance with the requirements of this protective order and compliance by any other person who is shown the materials consistent with the parameters of this Order.

7. Counsel, their legal staff, experts, and Defendant are reminded that "[a]ny person who discloses the contents of any record or paper in violation of this subsection may be fined not more than $1,000 or imprisoned not more than one year, or both." 28 U.S.C. § 1867(f). Violations of this Order may also result in sanctions or a finding of contempt.

8. If any disclosed materials are later determined to disclose personally identifying information, the party making this determination must immediately notify the Court in a

written notice filed on the docket of this action.  Anyone who has received that material must immediately return, destroy or delete the materials in question and file a written certification of compliance on the docket of this action.

9. To the extent the parties feel a deviation from this protective order is required, the parties shall seek relief from the Court.

Dated this 28th day of December 2023.

David G. Estudillo
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR ACCESS TO JURY SELECTION RECORDS (DKT. NO. 167) - 13