UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br>     v.<br><br>DONTE MCCLELLON,<br><br>                        Defendant. | CASE NO. 2:22-CR-00073-LK<br><br>ORDER GRANTING UNOPPOSED MOTION TO SEAL AND REDACT ADMITTED TRIAL EXHIBITS |

      This matter comes before the Court on the Government's Stipulated Motion to Seal and Redact Admitted Trial Exhibits, Dkt. No. 258,[1] following the jury trial of Defendant Donte McClellon, Dkt. No. 251. The Government notes that following a jury verdict, parties are required to file trial exhibits in the docket, and some of the exhibits in this case contain tax identification numbers and Mr. McClellon's home address. Dkt. No. 258 at 1–2 (citing General Order No. 01-18 (W.D. Wash.)). To protect Mr. McClellon's privacy while still allowing the public access to the bulk of the information in the exhibits, the Government seeks to file unredacted copies under

---

[1] Although the Government has captioned its motion as "Stipulated," it is not signed by Mr. McClellon's counsel. Dkt. No. 258 at 1, 3. The Court therefore treats the motion as unopposed rather than stipulated.

ORDER GRANTING UNOPPOSED MOTION TO SEAL AND REDACT ADMITTED TRIAL EXHIBITS - 1

seal and file redacted versions publicly. *Id.* at 2–3; *see also* Dkt. No. 259 (unredacted sealed trial exhibits); Dkt. No. 260 (redacted trial exhibits).

The public has a First Amendment right of access to criminal trials. *See Globe Newspaper Co. v. Super. Ct. for Norfolk Cnty.*, 457 U.S. 596, 604–06 (1982). The public also has a common law right to inspect and copy public records, including those from judicial proceedings. *See Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978). When, as here, the Government "attempts to deny the right of access in order to inhibit the disclosure of sensitive information, it must be shown that the denial is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest." *Globe Newspaper Co.*, 457 U.S. at 606–07. Under that rubric, a document may remain under seal when (1) sealing a document serves a compelling interest (2) that is substantially likely to be harmed if the document is not sealed and (3) there are no less restrictive alternatives for protecting the interest. *See United States v. Parson*, No. 3:15-cr-05262-DGE, 2022 WL 558221, at *2 (W.D. Wash. Feb. 24, 2022) (citing *United States v. Doe*, 870 F.3d 991, 998 (9th Cir. 2017)).

The Court has reviewed the documents and proposed redactions at issue and finds that sealing the unredacted trial exhibits would serve a compelling interest in protecting Mr. McClellon's privacy interest in his home address and the tax identification numbers of his entities. Federal Rule of Criminal Procedure 49.1 acknowledges that privacy interest, providing that some identifiers, including "taxpayer-identification number[s]" and "the home address of an individual" should be partially redacted when publicly filed. Fed. R. Crim. P. 49.1(a). That privacy interest would be harmed if the sensitive information is publicly available. The redactions proposed are minimal and narrowly tailored, and there is no less restrictive alternative to sealing the unredacted copies.

Therefore, the Court GRANTS the motion to seal, Dkt. No. 258, and the unredacted exhibits, Dkt. No. 259, may remain under seal.

Dated this 19th day of January, 2024.

Lauren King
United States District Judge