UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>         v.<br><br>DONTE MCCLELLON,<br><br>                    Defendant. | CASE NO. 2:22-CR-00073-LK<br><br>ORDER CONTINUING SENTENCING |

      This matter comes before the Court on a Motion to Continue Sentencing filed by counsel for Defendant Donte McClellon. Dkt. No. 270. The Government does not oppose the motion, but Mr. McClellon does. *Id.* at 1, 3.

      On January 11, 2024, a jury convicted Mr. McClellon of three counts of Wire Fraud, in violation of 18 U.S.C. § 1343, and two counts of Bank Fraud, in violation of 18 U.S.C. § 1344(2). Dkt. No. 252 at 1–2; *see also* Dkt. No. 174 at 4–11 (Second Superseding Indictment). Sentencing is currently set for April 10, 2024, Dkt. No. 261, and Mr. McClellon's counsel seeks to continue sentencing to a date after May 15, 2024, Dkt. No. 270 at 1.

      Defense counsel was appointed recently, on February 8, 2024, after trial concluded in this

ORDER CONTINUING SENTENCING - 1

matter. *Id.* at 2. He avers that continuing the sentencing to a date after May 15, 2024 will allow him "sufficient time to review the court file, trial transcripts, and [presentencing report ("PSR")] in order to be properly prepared for the sentencing hearing." *Id.* at 3. Counsel notes that the trial transcripts are unlikely to be completed and available before mid to late March 2024. *Id.* at 2. He seeks to review those transcripts and other court records "to be properly prepared" for the PSR interview and for sentencing. *Id.*; *see also* Dkt. No. 267. Finally, Mr. McClellon desires to have a presentencing interview with his counsel present, and counsel and the assigned Probation Officer are not available for the interview until March 22, 2024. Dkt. No. 270 at 2. Following the interview, the Probation Officer will need sufficient time to prepare her PSR, and she informed counsel that "[s]he needs the sentencing date rescheduled to a date after May 15, 2024" to accomplish that task. *Id.* at 3.[1]

Although the Court generally "must impose sentence without unnecessary delay," it "may, for good cause," deviate from the time limits prescribed by the Federal Rules of Criminal Procedure. *See* Fed. R. Crim. P. 32(b); *accord United States v. Firestack-Harvey*, No. 13-CR-0024-TOR, 2015 WL 3533222, at *3 (E.D. Wash. June 4, 2015) (staying sentencing to allow parties adequate time to prepare). And the Local Rules expressly contemplate a sentencing continuance "based on the need for more time." LCrR 32(i)(1)(B).

When deciding whether to grant a continuance, courts consider "(1) the defendant's diligence in preparing his case; (2) the likelihood that the continuance would serve a useful purpose; (3) the inconvenience to the court and opposing party; and (4) the harm the defendant [would] suffer[ ] as a result of the denial of the continuance." *United States v. Anguiano*, 731 F.

---

[1] The final presentence report must "be provided to counsel for the parties at least 14 days in advance of the sentencing date." LCrR 32(d)(6); *see also* Fed. R. Crim. P. 32(e)(2) (requiring presentence report to be given to the defendant, defendant's counsel, and the Government "at least 35 days before sentencing unless the defendant waives this minimum period").

ORDER CONTINUING SENTENCING - 2

App'x 699, 700 (9th Cir. 2018). District courts have applied those factors when analyzing contested motions to continue sentencing. *See, e.g.*, *United States v. Mitchell*, No. 2:21-CR-156 JCM (VCF), 2023 WL 4052238, at *1 (D. Nev. June 16, 2023); *United States v. Zinnel*, No. 2:11-cr-00234-TLN, 2019 WL 4054845, at *2 (E.D. Cal. Apr. 26, 2019).

The diligence inquiry asks "whether [the defendant] was diligent in preparing his defense or whether his request for a continuance appears to be a delaying tactic." *United States v. Kloehn*, 620 F.3d 1122, 1127 (9th Cir. 2010). The usefulness of the continuance inquiry asks about the likelihood that a continuance will achieve its intended purpose. *Id.* The inconvenience inquiry focuses on whether the requested continuance will inconvenience the court and the opposing party. *Id.* And finally, the prejudice inquiry focuses on whether the requesting party's "right to present his defense" would be affected by the grant or denial of a continuance. *Id.* at 1128; *see also United States v. Rinthalukay*, No. CR23-0013-JLR, 2023 WL 2573354, at *1 (W.D. Wash. Mar. 20, 2023) (considering whether defendant and his counsel's ability to prepare for sentencing would be "substantially prejudiced in the absence of a continuance"). After analyzing these factors, a "district court has considerable latitude in granting or denying continuances." *United States v. Pope*, 841 F.2d 954, 956 (9th Cir. 1988).

Here, Mr. McClellon's counsel has been diligent. Promptly after his appointment, he requested the trial transcripts, met with Mr. McClellon to learn whether he wanted to participate in a PSR interview, and communicated with the Probation Officer about that interview and the PSR. Dkt. No. 270 at 2–3. This is defense counsel's first request for a continuance, and there is no indication that the request for the relatively short continuance is a delay tactic. In addition, a continuance would serve its purpose of allowing defense counsel to obtain the transcripts and the PSR and otherwise prepare for the PSR interview and sentencing. *See, e.g.*, *Mitchell*, 2023 WL 4052238, at *2 (granting sentencing continuance to allow the probation officer to interview the

defendant and complete the PSR). Granting the continuance will not inconvenience the Court or the parties. Defense counsel requested the continuance well in advance of the April 10, 2024 sentencing date, and the Court is able to reschedule the sentencing for a mutually convenient date.

The Court also considers any prejudice to the parties. Mr. McClellon's counsel notes that Mr. McClellon opposes the continuance because, "[c]onsistent with his previous positions on trial continuances, he opposes any delays of his case." Dkt. No. 270 at 3. However, Mr. McClellon's general opposition to delay does not demonstrate that the requested continuance will prejudice him. Instead, it is more likely that a denial of the requested continuance would harm him by denying defense counsel the reasonable time necessary for effective preparation.

For these reasons, the Court finds that the factors weigh in favor of granting the requested continuance, and the interests of the public and the Defendant in any speedier sentencing in this case are outweighed by the ends of justice. Finding good cause, the Court GRANTS the motion to continue, Dkt. No. 270, and CONTINUES sentencing to May 29, 2024 at 10:00 a.m.

Dated this 4th day of March, 2024.

*Lauren King*

Lauren King
United States District Judge

ORDER CONTINUING SENTENCING - 4