UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>DONTE MCCLELLON,<br><br>Defendant. | CASE NO. 2:22-CR-00073-LK<br><br>ORDER DENYING MOTION TO STAY IMPOSITION OF SENTENCE PENDING APPEAL |

This matter comes before the Court on Defendant Donte McClellon's Motion to Stay Imposition of Sentence Pending Appeal, Dkt. No. 301, which the Government opposes, Dkt. No. 304. For the reasons discussed below, the Court denies the motion.

## I. BACKGROUND

On January 11, 2024, a jury convicted Mr. McClellon of three counts of Wire Fraud, in violation of 18 U.S.C. § 1343, and two counts of Bank Fraud, in violation of 18 U.S.C. § 1344(2). Dkt. No. 252 at 1–2; *see also* Dkt. No. 174 at 4–11 (Second Superseding Indictment). On May 29, 2024, the Court held a hearing and sentenced Mr. McClellon to a total term of 42 months in the custody of the United States Bureau of Prisons, followed by three years of supervised release with

standard and special conditions. *See* May 29, 2024 Minute Order; Dkt. No. 299 (judgment). Mr. McClellon promptly filed a notice of appeal, Dkt. No. 300, and this motion to stay his sentence pending appeal, Dkt. No. 301.

## II.   DISCUSSION

In his motion, Mr. McClellon seeks a stay of the imposition of his sentence and release from custody pending appeal. *See id.* at 2 (arguing that he will suffer injuries if he is "in custody, as opposed to out" of custody pending resolution of his appeal). Therefore, the Court analyzes the motion under 18 U.S.C. § 3143(b)(1)(B) and Rule 38 of the Federal Rules of Criminal Procedure.

### A.   Legal Standard

"[W]hile a defendant is presumptively entitled to release before trial, Congress, through Section 3143(b), presumes detention *after* an adjudication of guilt." *United States v. Carlson*, No. CR17-5188-RBL, 2019 WL 2140582, at *2 (W.D. Wash. May 16, 2019). A person who has been found guilty of an offense, been sentenced to a term of imprisonment, and filed an appeal or a petition for a writ of certiorari must be detained unless a judicial officer finds (1) "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title;" and (2) "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in" one of the following: "(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b); *see also United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985); *United States v. Delgado*, No. 22-10212, 2024 U.S. App. LEXIS 8644 (9th Cir. Apr. 10, 2024).[1]

---

[1] Mr. McClellon relies on the four-part test in *United States v. Mitchell*, but that case involved a stay of execution, not

A substantial question is one that is "fairly debatable" or, put another way, is "of more substance than would be necessary to a finding that it was not frivolous." *Handy*, 761 F.2d at 1283 (quotation marks and citation omitted); *United States v. Garcia*, 340 F.3d 1013, 1020 n.5 (9th Cir. 2003). "The defendant has the burden to prove he is entitled to bail pending appeal," *United States v. Marschall*, No. CR20-5270-BHS, 2022 WL 1165039, at *1 (W.D. Wash. Apr. 20, 2022), including "[t]he burden of establishing that [he] will not flee or pose a danger to any other person or to the community," Fed. R. Crim. P. 46(c). If the defendant is released pending appeal, the court must stay a sentence of imprisonment. Fed. R. Crim. P. 38(b)(1).

**B.      Mr. McClellon Is Not Entitled to a Stay of His Sentence or Release Pending Appeal**

The Government argues that Mr. McClellon is a flight risk, noting that he has already fled once during these proceedings. Dkt. No. 304 at 4. Mr. McClellon was initially ordered detained in this case. Dkt. No. 21. In July 2022, he sought pretrial release to live with his mother in this district. July 29, 2022 Minute Entry; Dkt. No. 304-1 at 22. United States Magistrate Judge Michelle L. Peterson granted Mr. McClellon's motion for release from detention, but because she found evidence that Mr. McClellon posed some risk of flight and danger to community, she ordered that (1) he "maintain residence at [his] mother's house," (2) not "leave her house or move anywhere else without letting Pretrial Services know," (3) obtain "approval from Pretrial Services to leave his mother's house," and (4) be "restricted to the [W]estern District of Washington." Dkt. No. 304-1 at 41, 43;[2] *see also* Dkt. No. 39 at 1 (appearance bond with special conditions, including the conditions that "[t]ravel is restricted to Western District of Washington, or as directed by Pretrial

---

a request for a stay of a sentence or release pending appeal. 971 F.3d 993, 996 (9th Cir. 2020) (per curiam); *see* Dkt. No. 301 at 1–2. He also cites *Nken v. Holder*, but that case "involve[d] a statutory provision that sharply restricts the circumstances under which a court may issue an injunction blocking the removal of an alien from this country," which is not at issue here. 556 U.S. 418, 422 (2009).

[2] Among other concerns, Mr. McClellon had passport documents bearing two different names. *Id.* at 23–24, 31–32.

ORDER DENYING MOTION TO STAY IMPOSITION OF SENTENCE PENDING APPEAL - 3

Services" and that Mr. McClellon not change residences without prior approval from, or as directed by, Pretrial Services). Despite those conditions, Mr. McClellon traveled to New York without permission, missed two court hearings, was eventually located by law enforcement in New York, self-reported in Seattle, and was arrested on January 31, 2023. Dkt. Nos. 68, 70, 80, 83; *see also* Dkt. No. 73 (December 28, 2022 Minute Entry noting that the scheduled hearings did not occur because Mr. McClellon did not appear and directing the issuance of a bench warrant); Dkt. No. 75 at 2; Dkt. No. 172 at 4. Judge Peterson held an evidentiary hearing, Dkt. No. 113, and found that Mr. McClellon violated the terms of his appearance bond by "[l]eaving the Western District of Washington without the permission of pretrial services, in violation of the special condition, on or before January 30, 2023," Dkt. No. 114 at 3. As a result, Judge Peterson revoked his bond. *Id.* at 4. Mr. McClellon has not provided any evidence—much less clear and convincing evidence—that he is no longer a flight risk. His failure to establish that element alone warrants denying his motion. 18 U.S.C. § 3143(b)(1)(A).

The other factors also support denying Mr. McClellon's motion. As the Government argues, Mr. McClellon poses an economic danger to the public, Dkt. No. 304 at 5, and the analysis of danger to the community "may, at least in some cases, encompass pecuniary or economic harm," *United States v. Reynolds*, 956 F.2d 192, 192 (9th Cir. 1992); *see also United States v. Allison*, No. CR16-5207-RBL, 2020 WL 3077150, at *5 (W.D. Wash. June 10, 2020) (noting that the defendant "has certainly shown herself to be a risk for economic harm, as by defrauding her victim of $478,398"). Mr. McClellon submitted falsified documents under the federal Paycheck Protection Program ("PPP") to obtain $500,948 in loan proceeds from three different financial institutions. Dkt. No. 260-1 at 2, 22, 57–58, 61, 95, 110, 125. He also forged multiple Internal Revenue Service forms to make it appear that three companies—all of which were inactive—were operating ongoing businesses with employees who would benefit from the PPP loans. *See, e.g., id.* at 14, 66,

68–75, 113. Mr. McClellon also submitted falsified documents to obtain an Economic Injury Disaster Loan ("EIDL") and to obtain Second Draw PPP loans. Dkt. No. 260-1 at 93; Dkt. 291-1 at 9–13. Although these efforts were ultimately unsuccessful, as the EIDL was clawed back and his applications for Second Draw PPP loans were denied, Dkt. No. 260-1 at 101; Dkt. No. 291-1 at 9–13, it remains true that Mr. McClellon's intended loss for the two unfunded Second Draw PPP loans and the EIDL was $243,048, and he applied for the Second Draw funds despite the fact that his accounts were frozen a few months prior based on suspicion of fraud. Dkt. No. 291-1 at 5, 9–13; Ex. 50 at 1, Feb. 2021; Dkt. No. 260-1 at 93. Mr. McClellon also submitted fraudulent tax returns to avoid paying taxes in 2020. Dkt. No. 260-2 at 67. In addition, he improperly obtained $42,085 in COVID-related unemployment insurance from Washington State, claiming in weekly filings that he was unemployed. *Id.* at 116; Ex. 120. As the Government notes, Mr. McClellon has not expressed remorse for his crimes, "raising the specter that he will commit similar bad acts again." Dkt. No. 304 at 6. That specter is heightened because Mr. McClellon's mental health was likely a contributing factor in his offenses, but he refused to obtain a mental health evaluation despite being referred to do so repeatedly while he was on pretrial release. Dkt. No. 39 at 1; Dkt. No. 297 at 12. He thus appears unlikely to obtain a mental health evaluation if released pending appeal. As Mr. McClellon stated in his sentencing memorandum, his mental illnesses "affect his behavior and judgment and evidence a strong compulsion for impulsive, damaging behavior." Dkt. No. 294 at 1. These facts demonstrate that Mr. McClellon poses an economic danger to the community.[3]

Mr. McClellon's motion addresses only the final Section 3143(b)(1) factor: whether the appeal raises a substantial question of law or fact. 18 U.S.C. § 3143(b)(1)(B); *see generally* Dkt.

---

[3] As for the third factor, the Government does not argue, and the Court does not find, that Mr. McClellon is pursuing his appeal for the purpose of delay. 18 U.S.C. § 3143(b)(1)(B).

No. 301. Mr. McClellon argues that he is entitled to a stay because he "has many issues he intends to argue on appeal, including . . . the interference with his right to testify and due process violations." Dkt. No. 301 at 2. He does not elaborate on that vague argument, which is insufficient to demonstrate a substantial question for appeal. *See, e.g.*, *United States v. Chappa*, CR 20-05-BU-DLC, 2021 WL 3022053, at *1 (D. Mont. July 16, 2021) ("The Court cannot find a 'substantial question of law or fact' based on [defendant's] sweeping and conclusory assertion that he will raise a 'debatable' . . . question to the Ninth Circuit."). Moreover, after the Court engaged in a colloquy with Mr. McClellon during trial regarding his right to either testify in his own defense or remain silent, the Court found that he had made a knowing, intelligent, and voluntary decision not to testify. Mr. McClellon also argues that he intends to appeal "the denial of his motion to dismiss for violation of his speedy trial rights" and states that he "diligently pursued his speedy trial rights and objected to every continuance." Dkt. No. 301 at 2. The Court addressed Mr. McClellon's motion to dismiss on that basis in an exhaustive 39-page order, Dkt. No. 203, and it will not rehash the issues here. It suffices to say that each continuance was consistent with the Speedy Trial Act and the Constitution, and the denial of the motion to dismiss is not likely to result in a reversal. 18 U.S.C. § 3143(b)(1)(B)(i).

Finally, Mr. McClellon argues that he "will be irreparably injured if the stay is denied." Dkt. No. 301 at 2 (stating that "[h]e suffers from hemorrhoids that have gone largely untreated in the FDC. He is also in desperate need for mental health treatment to address his bipolar disorder, PTSD, and depression."); *see also* Dkt. No. 294 at 3, 7. However, the relevant section of the Bail Reform Act does not include irreparable harm as a factor. 18 U.S.C. § 3143(b); *see also Vaksman*, 2010 WL 11531218, at *2 ("Irreparable harm . . . is not a factor to be considered by the court when considering staying a sentence pending appeal pursuant to 18 U.S.C. § 3143(b)."). Accordingly, Mr. McClellon has not established the factors necessary for release pending his appeal.

## III.  CONCLUSION

For the foregoing reasons, the Court DENIES Mr. McClellon's Motion to Stay Imposition of Sentence Pending Appeal. Dkt. No. 301.

Dated this 17th day of June, 2024.

*Lauren King*

Lauren King
United States District Judge