UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>DONTE MCCLELLON,<br><br>　　　　　　　Defendant. | CASE NO. 2:22-CR-00073-LK<br><br>FINAL ORDER OF FORFEITURE |

This matter comes before the Court on the Government's Motion for a Final Order of Forfeiture, Dkt. No. 306, seeking to forfeit to the United States Defendant Donte McClellon's interest in the following property:

- $16,394.44 in U.S. funds seized on or about May 16, 2022, from a Webull Financial, LLC. account number ending in -66-11, held in the name of Donte McClellon (the "Subject Funds").

The Court, having reviewed the Government's Motion, as well as the other papers and pleadings filed in this matter, hereby finds that entry of a Final Order of Forfeiture is appropriate for the following reasons:

FINAL ORDER OF FORFEITURE - 1

- On January 11, 2024, a jury convicted Mr. McClellon of three counts of Wire Fraud, in violation of 18 U.S.C. § 1343, and two counts of Bank Fraud, in violation of 18 U.S.C. § 1344(2) and 2. Dkt. No. 252 at 1–2; *see also* Dkt. No. 174 at 4–11 (Second Superseding Indictment). The evidence presented at trial established that the Subject Funds constitute or are traceable to proceeds of the Defendant's Wire Fraud scheme and Bank Fraud scheme and the jury so found. Dkt. No. 254 at 1. The evidence in the record established the requisite nexus between the Subject Funds and the offenses of conviction, pursuant to Federal Rule of Criminal Procedure 32.2(b)(1)(A)–(B);

- On February 22, 2024, the Court entered a Preliminary Order of Forfeiture, finding the Subject Funds forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C), by way of 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(2) and forfeiting to the United States Defendant McClellon's interest in them, Dkt. No. 269;

- Thereafter, the Government published notice of the pending forfeiture as required by 21 U.S.C. § 853(n)(1) and Federal Rule of Criminal Procedure 32.2(b)(6)(C), Dkt. No. 274;

- As required by Federal Rule of Criminal Procedure 32.2(b)(6)(A), the Government reviewed the underlying investigative and administrative material and identified no potential claimants to the Subject Funds, Dkt. No. 306 at 2;

- The time for filing third-party claims has expired and none were filed; and

- Mr. McClellon was sentenced on May 29, 2024, Dkt. Nos. 298–299.

Now, therefore, the Court ORDERS the following:

1. No right, title, or interest in the Subject Funds exists in any party other than the United States;

FINAL ORDER OF FORFEITURE - 2

2. The Subject Funds are fully and finally condemned and forfeited, in their entirety, to the United States;

3. The United States Department of Justice, Federal Bureau of Investigation, and/or their representatives, are authorized to dispose of the Subject Funds in accordance with the law; and

4. The Court will retain jurisdiction for the purpose of enforcing the Final Order of Forfeiture as necessary pursuant to Federal Rule of Criminal Procedure 32.2(e)

IT IS SO ORDERED.

Dated this 27th day of June, 2024.

Lauren King
United States District Judge

FINAL ORDER OF FORFEITURE - 3