UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>   v.<br><br>DONTE MCCLELLON,<br><br>                Defendant. | CASE NO. 2:22-CR-00073-LK<br><br>ORDER STRIKING PRO SE FILING IN PART |

       This matter comes before the Court on a letter from Defendant Donte McClellon. Dkt. No. 315. In that letter, which the Court construes as a motion, Mr. McClellon requests the withdrawal and substitution of his counsel, Thomas Weaver. *Id.* at 24–25. The Court referred that request, along with Mr. Weaver's motion to withdraw, Dkt. No. 310, to United States Magistrate Judge Brian A. Tsuchida, who granted Mr. Weaver's motion to withdraw, Dkt. No. 319.

       Mr. McClellon's letter also requests an order (1) sealing various documents, (2) imposing sanctions against the prosecutors and his former attorneys, (3) releasing him from custody, (4) staying restitution and forfeiture pending appeal, (5) withdrawing various documents from the record, (6) imposing a "gag order" on Mr. Weaver to stop defaming him in filings, and (7) vacating

his sentence. Dkt. No. 315 at 25–26. As the Court has previously explained to Mr. McClellon, it is not appropriate for him to file documents pro se because he is represented by counsel and was represented at the time he sent his letter. Dkt. No. 161 at 2; Dkt. No. 273 at 1–2; Dkt. No. 276 at 1–2. These various requests for relief are thus not properly before the Court. *See Krongkiet v. Beard*, 597 F. App'x 416, 417 (9th Cir. 2015) ("[T]he trial court need not entertain [a pro se] motion while [a defendant] remain[s] represented by counsel." (citing *United States v. Bergman,* 813 F.2d 1027, 1030 (9th Cir. 1987)); LCrR 62.2 (A represented party "cannot appear or act on his . . . own behalf in that case, or take any step therein, until after the party requests by motion to proceed on his . . . own behalf, certifies in the motion that he . . . has provided copies of the motion to his . . . current counsel and to the opposing party, and is granted an order of substitution by the court terminating the party's attorney as counsel and substituting the party in to proceed pro se; provided, that the court may in its discretion hear a party in open court, notwithstanding the fact that he . . . is represented by an attorney."); *see also United States v. Lubers*, No. CR10-103-RAJ, 2019 U.S. Dist. LEXIS 89096, at *1–3 (W.D. Wash. May 28, 2019) (striking pro se motions filed by a represented defendant).

Accordingly, the Court STRIKES the remaining portion of Mr. McClellon's pro se requests. Dkt. No. 315.

Dated this 12th day of July, 2024.

Lauren King
United States District Judge

ORDER STRIKING PRO SE FILING IN PART - 2