UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DONTE MCCLELLON,<br><br>    Defendant. | CASE NO. 2:22-CR-00073-LK<br><br>ORDER DENYING MOTIONS FOR SANCTIONS, A GAG ORDER, AND TO MODIFY PRIOR FILINGS; ORDER REGARDING SEALED DOCUMENTS |

   This matter comes before the Court on three motions filed by Defendant Donte McClellon: (1) Pro Se Motion for Sanctions and Issuance of Gag Order, Dkt. No. 359; (2) Pro Se Motion to Modify Presentence Investigation Report, Dkt. No. 361; and (3) Pro Se Motion to Strike "Defense Sentencing Memorandum" and "Motion to Stay Sentence pending Appeal" and Oral Statements Made at Sentencing, Dkt. No. 363. The Government filed a consolidated response arguing that the Court lacks jurisdiction over these motions while Mr. McClellon's appeal is pending. Dkt. No. 365 at 1. For the reasons set forth below, the Court denies the motions. The Court also sua sponte

considers whether the various sealed documents Mr. McClellon has filed with his pro se motions can remain under seal.

## I. BACKGROUND

On January 11, 2024, a jury convicted Mr. McClellon of three counts of Wire Fraud, in violation of 18 U.S.C. § 1343, and two counts of Bank Fraud, in violation of 18 U.S.C. § 1344(2). Dkt. No. 252 at 1–2; *see also* Dkt. No. 174 at 4–11 (Second Superseding Indictment). On May 29, 2024, the Court held a hearing and sentenced Mr. McClellon to a total term of 42 months in the custody of the United States Bureau of Prisons, followed by three years of supervised release with standard and special conditions. *See* May 29, 2024 Minute Order; Dkt. No. 299 (judgment). Represented by counsel, Mr. McClellon promptly filed a notice of appeal, Dkt. No. 300, then a motion to stay his sentence pending appeal, Dkt. No. 301, which the Court denied, Dkt. No. 307. While the appeal remains pending, Mr. McClellon filed these motions. Dkt. Nos. 359, 361, 363.

The Government's consolidated response argues that Mr. McClellon's pending appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Dkt. No. 365 at 1 (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam)). It contends that Mr. McClellon is represented by counsel in his appeal, he has been granted the opportunity to file a supplemental pro se brief, and thus, "as part of McClellon's appeal, the Ninth Circuit will adjudicate any alleged procedural irregularities at his sentencing hearing that McClellon or his counsel chooses to raise." Dkt. No. 365 at 1–2.

## II. DISCUSSION

### A. Jurisdiction Pending Appeal

"The filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs*, 459

U.S. at 58. This rule applies with equal force in criminal cases, and the district court does not regain jurisdiction until the court of appeals issues a mandate. *United States v. Cote*, 51 F.3d 178, 182 (9th Cir. 1995) ("Once a mandate issues, jurisdiction over a criminal case revests in the district court."). The purpose of this doctrine is to "avoid the confusion and waste of time that might flow from putting the same issues before two courts at the same time." *Kern Oil & Refining Co. v. Tenneco Oil Co.*, 840 F.2d 730, 734 (9th Cir. 1988).

Federal Rule of Criminal Procedure 37(a) allows a court to exercise its discretion to address the merits of a motion even if the court lacks jurisdiction to grant the motion. "If a timely motion is made for relief that the [district] court lacks authority to grant because of an appeal that has been docketed and is pending," Rule 37(a) gives the court three options: the court may "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a).

**B. Motions for Sanctions and Gag Order**

Mr. McClellon alleges that his former attorney, Thomas Weaver, "breached HIPAA laws and Attorney-client privilege" when he filed the "Defense sentencing memorandum" and "Motion to Stay Sentence pending Appeal." Dkt. No. 359 at 1. He therefore seeks sanctions against Mr. Weaver. *Id.* at 2. He also seeks a gag order against Mr. Weaver "to prevent him from continuing to breach HIPAA laws and the Attorney-Client Privilege." *Id.*

Defendant filed a notice of appeal on May 29, 2024, Dkt. No. 300, and the appeal has been pending before the Ninth Circuit since then, *United States v. McClellon*, No. 24-3406 (9th Cir. 2024). Despite an ongoing appeal, district courts may continue to supervise an ongoing course of conduct or enforce its past orders. *See, e.g.*, *Barnes v. Sea Hawai'i Rafting, LLC*, 444 F. Supp. 3d 1215, 1220–21 (D. Haw. 2020). That is not the situation here, and a determination that Mr.

McClellon's attorney acted improperly could impact his appeal. It therefore appears that the Court lacks jurisdiction over this motion.

Even if the Court had jurisdiction, it would deny the motion. Setting aside its merits, the Court cannot sanction Mr. Weaver because he has withdrawn from representing Mr. McClellon, he is not before the Court, and he has had no notice of the motion or opportunity to respond. Absent due process, sanctions are impermissible. *See United States v. Tillman*, 756 F.3d 1144, 1152 (9th Cir. 2014). In addition, a gag order is unnecessary and the request for one is moot because Mr. Weaver has withdrawn, Dkt. No. 319, and he is thus no longer in a position to make representations on Mr. McClellon's behalf. Accordingly, the Court denies this motion.

**C.     Motions to Modify Prior Filings**

Mr. McClellon's Pro Se Motion to Modify Presentence Investigation Report reiterates his complaints against Mr. Weaver, who he contends "had a direct involvement in producing the false Presentence Investigation Report" that included medical information. Dkt. No. 361 at 1. Consequently, he requests an order "to remove any Medical Records or references of Medical Records from the Report provided by Weaver." *Id.* Mr. McClellon has also filed a motion to strike the sentencing memorandum and motion to stay sentence pending appeal filed by Mr. Weaver, Dkt. Nos. 294, 301, contending that both filings were "retaliatory and malicious" and filed against his "instructions, wishes, and permission," Dkt. No. 363 at 1. Mr. McClellon therefore requests that the Court strike both of these filings as well as the "oral statements made at sentencing" regarding his medical records. *Id.* at 2.

The Court lacks jurisdiction to grant these motions and remove such statements and filings from the record because this case is on appeal and the appeal directly implicates Mr. McClellon's sentence. *See United States v. McClellon*, No. 24-3406, Dkt. No. 24 at 26 (opening brief). Even if the Court had jurisdiction, it would deny the motion to strike because there is no basis for the Court

to strike statements and filings that Mr. McClellon's former counsel made—and on which the Court has already ruled—as Mr. McClellon requests. Dkt. Nos. 299, 301, 307. Nor is there any basis to remove sentencing-related information from the docket after the Court has already imposed a sentence and entered judgment. Dkt. Nos. 298, 299.[1]

### D.    Some Documents Should Be Unsealed

With his various pro se motions, Mr. McClellon has filed numerous documents under seal, Dkt. Nos. 353, 357, 360, 362, 364, 367, without filing a motion to seal those documents as required by Local Criminal Rule 49.1(e). Mr. McClellon is reminded that pro se litigants must adhere to the same procedural requirements as other litigants, *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022), and the Court may impose sanctions for further violations of the Court's rules.

Despite the absence of a motion to seal, the Court considers whether the documents should be unsealed consistent with the public's "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Despite the public's presumptive right of access to documents in criminal proceedings, a document may remain under seal "when (1) sealing a document serves a compelling interest, (2) that is substantially likely to be harmed if the document is not sealed, and (3) there are no less restrictive alternatives for protecting the interest." *United States v. Parson*, No. 3:15-cr-05262-DGE, 2022 WL 558221, at *2 (W.D. Wash. Feb. 24, 2022) (citing *United States v. Doe,* 870 F.3d 991, 998 (9th Cir. 2017)).

---

[1] To the extent that Mr. McClellon is concerned that the Presentence Investigation Reports made his medical information public, Dkt. No. 361 at 1, that concern is unfounded because the Reports are not viewable by the public. Dkt. Nos. 288, 290, 296–97 (court only documents); *see also* LCrR 49.1(d)(2), (11) (allowing pretrial services reports and recommendations to be filed under seal without a court order).

ORDER DENYING MOTIONS FOR SANCTIONS, A GAG ORDER, AND TO MODIFY PRIOR FILINGS; ORDER REGARDING SEALED DOCUMENTS - 5

Here, the Court finds compelling reasons to allow docket entries 353 and 357 to remain under seal because they contain sensitive information about Mr. McClellon's recidivism risk and First Steps Act time credit assessment. Dkt. No. 353 at 1–3; Dkt. No. 357 at 6–11. Compelling reasons also exist to seal docket entry 367, which may reflect attorney-client privileged material. Dkt. No. 367 at 2–3. However, there are no compelling reasons to seal the certificates of service Mr. McClellon filed without any sensitive exhibits attached. Dkt. Nos. 360, 362, 364.

Finally, the Court notes that one of the documents Mr. McClellon has labeled as an "exhibit" is titled as a Pro Se Motion under Title 28 U.S.C. § 2241 For Application of First Step Act (FSA) Earned Time Credits Toward Sentence Computation. Dkt. No. 357 at 6–7. It does not appear that Mr. McClellon intended to file a Section 2241 petition for habeas corpus because he labeled the document as an exhibit, but if he did, he must file his petition as a new case and pay the filing fee or request permission to proceed in forma pauperis. *See* https://www.wawd.uscourts.gov/sites/wawd/files/2241Petition.pdf.

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES Mr. McClellon's motions. Dkt. Nos. 359, 361, 363. Docket entries 353, 357, and 367 can remain under seal; the Clerk is directed to unseal Docket entries 360, 362, and 364.

Dated this 24th day of March, 2025.

Lauren King
United States District Judge

ORDER DENYING MOTIONS FOR SANCTIONS, A GAG ORDER, AND TO MODIFY PRIOR FILINGS; ORDER REGARDING SEALED DOCUMENTS - 6