UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br>   v.<br><br>DONTE MCCLELLON,<br><br>             Defendant. | CASE NO. 2:22-CR-00073-LK<br><br>ORDER DENYING SECOND MOTION TO STAY IMPOSITION OF JUDGMENT PENDING APPEAL |

This matter comes before the Court on two motions from Defendant Donte McClellon: (1) Pro Se Motion for Bond/Release pending Appeal, Dkt. No. 355, and (2) Pro Se Motion to Stay Restitution and Forfeiture pending Appeal, Dkt. No. 356. The Government filed a consolidated response arguing that neither motion meets the high standard for reconsideration of the Court's prior ruling, and both motions also lack merit. Dkt. No. 358. For the reasons discussed below, the Court denies both motions.

ORDER DENYING SECOND MOTION TO STAY IMPOSITION OF JUDGMENT PENDING APPEAL - 1

## I. BACKGROUND

On January 11, 2024, a jury convicted Mr. McClellon of three counts of Wire Fraud, in violation of 18 U.S.C. § 1343, and two counts of Bank Fraud, in violation of 18 U.S.C. § 1344(2). Dkt. No. 252 at 1–2; *see also* Dkt. No. 174 at 4–11 (Second Superseding Indictment). On May 29, 2024, the Court held a hearing and sentenced Mr. McClellon to a total term of 42 months in the custody of the United States Bureau of Prisons, followed by three years of supervised release with standard and special conditions. *See* May 29, 2024 Minute Order; Dkt. No. 299 (judgment). Mr. McClellon promptly filed a notice of appeal. Dkt. No. 300. He then filed a motion to stay his sentence pending appeal, Dkt. No. 301, and the Court denied that motion on June 17, 2024, Dkt. No. 307. Approximately eight months later, Mr. McClellon filed these motions. Dkt. Nos. 355, 356.

## II. DISCUSSION

**A.   Mr. McClellon's Motion for Bond/Release Pending Appeal**

In his Pro Se Motion for Bond/Release pending Appeal, Mr. McClellon seeks "to be released until the conclusion of the currently pending direct appeal[.]" Dkt. No. 355 at 1. He contends that his prior counsel filed a Motion to Stay Sentence Pending Appeal "that made zero sense" without "deliver[ing] on his other promises to file a Motion to Stay Forfeiture and Restitution pending Appeal as well as Motion for Bond pending Appeal[.]" *Id.* Mr. McClellon "seeks to rectify" this situation by filing "the correct motions . . . that mirror[] Defendant's actual instructions and wishes." *Id.* at 1–2. He also contends that he is entitled to credit under the First Step Act and that his speedy trial rights were violated. *Id.* at 2–3. He thus seeks immediate release. *Id.* at 3.[1]

---

[1] Mr. McClellon requests to have both of his motions heard by the Chief District Judge, Dkt. No. 355 at 1; Dkt. No. 356 at 1, but he is not entitled to have the judge of his choice consider his motions.

ORDER DENYING SECOND MOTION TO STAY IMPOSITION OF JUDGMENT PENDING APPEAL - 2

1    Mr. McClellon already moved to stay the imposition of his sentence and to obtain release
2    from custody pending his appeal, Dkt. No. 301, and the Court denied that motion, Dkt. No. 307.
3    His current motion seeking the same relief is thus a motion for reconsideration. "Motions for
4    reconsideration are disfavored," and courts in this district "will ordinarily deny such motions in
5    the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal
6    authority which could not have been brought to its attention earlier with reasonable diligence."
7    CrR 12(b)(13)(A).

8    Mr. McClellon has not identified any manifest error in the Court's prior ruling. Nor has he
9    identified any new facts or legal authority that could not have been brought to the Court's attention
10   earlier with reasonable diligence. His disagreement with the outcome of his prior motion "is an
11   insufficient basis for reconsideration." *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253,
12   1269 (D. Haw. 2005). Finally, there is no basis for the Court to strike the motions his former
13   counsel filed—and on which the Court has already ruled—as Mr. McClellon requests. Dkt. No.
14   366 at 2–3. The Court therefore denies this motion.

15   **B.    Mr. McClellon's Motion to Stay Restitution and Forfeiture Pending Appeal**

16   Mr. McClellon has also filed a motion to stay his restitution and forfeiture judgments
17   pending appeal. Dkt. No. 356. As part of the judgment in this case, Mr. McClellon was ordered to
18   pay restitution in the amount of $490,840.92. Dkt. No. 299 at 6. In addition, the Court entered a
19   final order of forfeiture forfeiting to the United States Mr. McClellon's interest in $16,394.44 in
20   U.S. funds seized on or about May 16, 2022, from a Webull Financial, LLC account. Dkt. No. 313
21   at 1–3; *see also* Dkt. No. 269 (preliminary order of forfeiture). The Court agrees with the
22   Government, Dkt. No. 358 at 4, that to the extent these aspects of the judgment were part of Mr.
23   McClellon's June 2024 motion to stay the judgment, Dkt. No. 301, his current motion constitutes
24   an insufficiently supported motion for reconsideration; the Court therefore denies the motion on

this basis.[2] *Compare* Dkt. No. 356 at 3, 11 (motion arguing that the Bail Reform Act governs and the factors therein weigh in his favor), *with* Dkt. No. 307 at 2–6 (the Court's prior Order applying the Bail Reform Act factors).

Regardless of whether this motion seeks reconsideration, however, it also fails on the merits. While an appeal is pending, the Court "may stay—on any terms considered appropriate—any sentence providing for restitution[.]" Fed. R. Crim. P. 38(e). And "[i]f a defendant appeals from a conviction or an order of forfeiture, the court may stay the order of forfeiture on terms appropriate to ensure that the property remains available pending appellate review." Fed. R. Crim. P. 32.2(d). District courts are "not required to stay forfeiture proceedings pending [a defendant's] direct appeal." *United States v. Houghton*, 132 F. App'x 130, 132 (9th Cir. 2005).

Although the Ninth Circuit has not adopted criteria for district courts to consider when ruling on a motion to stay forfeiture pending appeal, other courts have considered the following factors: "1) the likelihood of success on appeal; 2) whether the forfeited asset is likely to depreciate over time; 3) the forfeited asset's intrinsic value to defendant (i.e., the availability of substitutes); and 4) the expense of maintaining the forfeited property." *United States v. Ruiz-Hernandez*, No. CR22-0197JLR, 2024 U.S. Dist. LEXIS 135629, at *3 (W.D. Wash. July 31, 2024) (quoting *United States v. Grote*, 961 F.3d 105, 123 (2d Cir. 2020)); *see also United States v. Real Prop. Located at 16549 Vail Rd. SE, Yelm, Washington, Thurston Cnty. Parcel No. 22630220000*, No. C14-5231RBL, 2018 WL 4510064, at *1 (W.D. Wash. Sept. 20, 2018); *United States v. Riedl*, 214

---

[2] Local Criminal Rule 12(b)(13)(C) provides that "[n]o response to a motion for reconsideration shall be filed unless requested by the court." Although the Court did not request a response, it has considered the Government's response to this motion because Mr. McClellon did not style his motions as seeking reconsideration, and it is not clear that this motion is limited to seeking reconsideration. However, disregarding the Government's response would not change the result.

ORDER DENYING SECOND MOTION TO STAY IMPOSITION OF JUDGMENT PENDING APPEAL - 4

F. Supp. 2d 1079, 1082 (D. Haw. 2001).[3] These factors were developed in a different context, and although "the Court does not consider itself strictly bound by these factors," it "will nonetheless consult them in exercising its discretion." *United States v. Babichenko*, No. 1:18-CR-00258-BLW, 2025 WL 404461, at *3 (D. Idaho Feb. 4, 2025).

Mr. McClellon argues that his restitution and forfeiture judgments should be stayed pending his appeal because his speedy trial rights were violated. Dkt. No. 356 at 2–11. However, the Court considered and rejected that contention when it rejected Mr. McClellon's first motion to stay his sentence. Dkt. No. 307 at 6. Nothing has changed in the interim, and this factor thus does not support a stay of restitution or forfeiture. Because the forfeited asset is money, none of the other three factors support a stay either. *See, e.g.*, *United States v. Miller*, No. 17-CR-00213, 2020 WL 525125, at *1 (E.D. Va. Jan. 27, 2020) ("[B]ecause money is fungible, there is no reason to stay the forfeiture order with respect to those proceeds."). Accordingly, the Court declines to stay restitution or forfeiture pending appeal.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Mr. McClellon's Motion for Bond/Release pending Appeal, Dkt. No. 355, and his Motion to Stay Restitution and Forfeiture pending Appeal, Dkt. No. 356.

Dated this 24th day of March, 2025.

Lauren King
United States District Judge

---

[3] The Ninth Circuit has not provided a test to determine whether a stay of restitution is warranted pending appeal, but some courts consider the likelihood of success on the merits of the appeal. *See, e.g.*, *United States v. Babichenko*, No. 1:18-cr-00258-BLW, 2025 WL 404461, at *3 (D. Id. Feb. 4, 2025).