UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:22-CR-00073-LK |
| Plaintiff, | ORDER DENYING MOTION TO MODIFY CONDITIONS OF SUPERVISED RELEASE |
| v. | |
| DONTE MCCLELLON, | |
| Defendant. | |

This matter comes before the Court on Defendant Donte McClellon's "Pro Se Motion to Modify Conditions of Supervised Release; RRC/HC placement," in which he "moves for a court order to modify and revise standard Probation and Supervised Release Conditions." Dkt. No. 352 at 1. Specifically, Mr. McClellon seeks to be (1) placed in a residential reentry center ("RRC") in the Southern District of New York rather than the Western District of Washington, (2) permitted to travel to Seattle relating to his mother's death, (3) permitted to travel to San Francisco for oral argument on his appeal, and (4) allowed to travel weekly to Native Reservations for heritage and religious purposes. *Id.* at 1–3.

The Government responds that Mr. McClellon's motion is either outside the Court's authority or premature because "he is currently in the custody of the Bureau of Prisons serving the remainder of his sentence, and he is not projected to be released until November 2, 2025." Dkt. No. 354 at 1. In the meantime, "[o]nly BOP has the statutory authority to determine where and how he serves his remaining sentence, including whether transfer to [an RRC] is appropriate and where that RRC is located." *Id.* In his reply, Mr. McClellon states that he is now housed in an RRC in Seattle. Dkt. No. 366 at 1.

The Bureau of Prisons ("BOP") has discretion to allow an inmate to serve some portion of his sentence in community confinement, such as in an RRC, but an inmate is still in custody during such prerelease confinement. 18 U.S.C. § 3624(c); *Sacora v. Thomas*, 628 F.3d 1059, 1062 (9th Cir. 2010) (noting that prisoners may be placed in a RRC or home confinement under Section 3624(c) "during the final months of their terms of imprisonment"). BOP has discretion to designate an inmate's place of imprisonment, 18 U.S.C. § 3621(a), and these designations are "not reviewable by any court," *id.* § 3621(b). The Court therefore lacks authority to determine where Mr. McClellon serves the rest of his sentence or review any such decision by the BOP. The Court also lacks authority to grant Mr. McClellon's request for furloughs to travel while he is in custody. *Cf.* 18 U.S.C. § 3622 (listing the reasons for which "[t]he *Bureau of Prisons* may release a prisoner from the place of his imprisonment for a limited period") (emphasis added); *see also United States v. Martin*, No. CR19-185-RSL, 2024 WL 4122258, at *3 (W.D. Wash. Sept. 9, 2024) ("federal courts do not have authority to grant medical furlough"); *United States v. Premachandra*, 78 F.3d 589 (8th Cir. 1996) (per curiam) (unpublished) (same); *see also In re Radcliff*, No. 12-1444, 2012 WL 5974172, at *1 (10th Cir. 2012) (finding that only BOP may grant temporary release).

Finally, the Court denies as premature Mr. McClellon's request to transfer his three years of supervised release from this district to the Southern District of New York. Dkt. No. 352 at 1.

After imposing a sentence, courts can "transfer jurisdiction over a probationer or person *on supervised release* to the district court for any other district to which the person is required to proceed as a condition of his probation or release, or is permitted to proceed, with the concurrence of such court." 18 U.S.C. § 3605 (emphasis added). Because Mr. McClellon is still in custody and not yet "on supervised release," his request is premature.

Accordingly, the Court DENIES Mr. McClellon's motion. Dkt. No. 352.

Dated this 25th day of March, 2025.

*[signature: Lauren King]*

Lauren King
United States District Judge

ORDER DENYING MOTION TO MODIFY CONDITIONS OF SUPERVISED RELEASE - 3