UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>DONTE MCCLELLON,<br><br>　　　　　　　　Defendant. | CASE NO. 2:22-CR-00073-LK<br><br>ORDER DENYING MOTION FOR APPEAL OF BOND REVOCATION |

　　This matter comes before the Court on Defendant Donte McClellon's Pro Se Motion for Appeal of Bond Revocation. Dkt. No. 370. He contends that the Court improperly revoked his bond on March 20, 2023 and "moves this Court to reverse the revocation . . . and to fully reinstate bond under the previously set conditions." *Id.* at 1; *see also* Dkt. Nos. 113, 114. The Government responds that the Court should deny the motion as untimely and moot. Dkt. No. 372 at 1. The Court agrees with the Government on both points.

　　Mr. McClellon's motion is untimely because United States Magistrate Judge Michelle Peterson issued an order revoking his bond on March 20, 2023, Dkt. No. 114, and Mr. McClellon

did not file and serve objections to that order within 14 days thereafter as required by Federal Rule of Criminal Procedure 59(a). His current motion is nearly two years too late. *See, e.g.*, *United States v. Harrod*, No. 3:21-CR-05253-BHS-1, at *1 (W.D. Wash. Nov. 24, 2021), *report and recommendation adopted*, 2022 WL 168172 (W.D. Wash. Jan. 18, 2022) (denying untimely motion for review of detention order).

Furthermore, Mr. McClellon's motion is moot. Even if the Court were to "[r]everse the bond revocation" as he requests, Dkt. No. 370 at 3, reversing the pretrial detention order would not affect his custodial status now because he has since been convicted and is currently serving his sentence, Dkt. No. 299 (judgment); Dkt. No. 366 at 1 (Mr. McClellon noting that he is currently housed at a residential reentry center in Seattle); *see also Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1129–32 (9th Cir. 2005) (en banc) (issue is moot when the Court cannot provide "meaningful relief"). Finally, the Court previously denied Mr. McClellon's motion to stay his sentence or for release pending appeal, Dkt. No. 307, and his second motion for bond/release pending appeal, Dkt. No. 369. To the extent his current motion is another motion for reconsideration of the Court's prior orders denying release, it is denied based on "the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." CrR 12(b)(13)(A).

For the foregoing reasons, the Court DENIES Mr. McClellon's Pro Se Motion for Appeal of Bond Revocation. Dkt. No. 370.

Dated this 14th day of April, 2025.

*Lauren King*
Lauren King
United States District Judge