UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff,<br>     v.<br><br>DONTE MCCLELLON,<br><br>                   Defendant. | CASE NO. 2:22-CR-00073-LK<br><br>ORDER DENYING MOTION TO MODIFY CONDITIONS OF SUPERVISED RELEASE AND REDUCE RESTITUTION |

       This matter comes before the Court on Defendant Donte McClellon's pro se motion to transfer supervision to the Southern District of New York, eliminate his restitution obligation, and permit him to be self-employed. Dkt. No. 375 at 1. The Government opposes the motion. Dkt. No. 377. For the reasons set forth below, the Court denies the motion.

## I.   BACKGROUND

       On January 11, 2024, a jury convicted Mr. McClellon of three counts of Wire Fraud, in violation of 18 U.S.C. § 1343, and two counts of Bank Fraud, in violation of 18 U.S.C. § 1344(2). Dkt. No. 252 at 1-2; *see also* Dkt. No. 174 at 4–11 (Second Superseding Indictment). On May 29, 2024, the Court held a hearing and sentenced Mr. McClellon to a total term of 42 months in the

1 custody of the United States Bureau of Prisons, followed by three years of supervised release with
2 standard and special conditions. *See* May 29, 2024 Minute Order; Dkt. No. 299 (judgment). The
3 judgment includes $490,840.92 in restitution to be paid to the U.S. Small Business Administration
4 and Cross River Bank. Dkt. No. 299 at 6. During his period of supervised release, Mr. McClellon
5 must pay restitution in monthly installments amounting to not less than 10% of his gross monthly
6 household income. *Id.* at 7. Mr. McClellon is also subject to the special condition of supervision
7 that he "shall not be self-employed . . . unless approved by the U.S. Probation Officer." *Id.* at 5.
8 Also, he "must not knowingly leave the federal judicial district where [he is] authorized to reside
9 without first getting permission from the court or the probation officer." *Id.* at 4.

10 Mr. McClellon promptly filed a notice of appeal. Dkt. No. 300. As relevant here, he also
11 filed a "Pro Se Motion to Modify Conditions of Supervised Release; RRC/HC placement" before
12 this Court, in which he moved to be placed in a residential reentry center in the Southern District
13 of New York and to transfer his supervised release to that district. Dkt. No. 352 at 1. The Court
14 denied that motion as premature. Dkt. No. 371.

15 On August 25, 2025, Mr. McClellon filed this motion asking the Court "to modify [his]
16 Supervised Release conditions in the form of relocating to the Southern District of New York . . .
17 for the supervised release portion of this sentence, reduce the restitution amount to zero . . . and
18 permission to be self-employed." Dkt. No. 375 at 1. He also "incorporate[s] by reference the
19 previous motions related to [his] relocation request to New York and permissions to travel while
20 on supervised release." *Id.* Mr. McClellon's estimated release date is October 5, 2025. Dkt. No.
21 377 at 1.

22 **II. DISCUSSION**

23 Mr. McClellon argues that it is "straight-forward" that the Court should reduce his
24 restitution amount to zero because he has no ability to pay. Dkt. No. 375 at 1. The Government

ORDER DENYING MOTION TO MODIFY CONDITIONS OF SUPERVISED RELEASE AND REDUCE RESTITUTION - 2

responds that Mr. "McClellon's restitution obligation is a mandatory condition of his judgment and sentence that is final and cannot be modified by this Court absent an appellate order vacating the judgment and sentence." Dkt. No. 377 at 2. The Court agrees with the Government that restitution is mandatory in this case. The Mandatory Victim's Restitution Act provides that the court "shall" order restitution when, as here, the offense resulted in "identifiable . . . victims" who "suffered . . . pecuniary loss." 18 U.S.C. § 3663A(a)(1), (c)(1)(B); *see also United States v. Hankins*, 858 F.3d 1273, 1276 (9th Cir. 2017); *United States v. Lo*, 839 F.3d 777, 788 (9th Cir. 2016). Although the Court may alter the payment schedule of restitution due to changes in the defendant's economic situation, its discretion to alter the underlying restitution order is limited by statute. Specifically, the restitution order can be (1) corrected under Rule 35 of the Federal Rules of Criminal Procedure and Section 3742 of Chapter 235 of Title 18 of the United States Code; (2) modified on appeal under Section 3742; (3) amended under Section 3664(d)(5); or (4) adjusted under Section 3664(k), 3572, or 3613A. 18 U.S.C. § 3664(o). Alternatively, the defendant may be resentenced under Section 3565 or 3614. *Id.*

       Mr. McClellon does not seek to "correct" his sentence. Fed. R. Crim. P. 35(a). Nor does he argue that any of the circumstances listed in Section 3664(o) are present here. Mr. McClellon relies solely on his financial situation, contending that he is "indigent" and unable to pay. Dkt. No. 375 at 1. However, his financial situation does not excuse his mandatory restitution obligation. When ordering restitution, "the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A). Although the statute "permits the Court to adjust the restitution payment schedule," it does not allow the Court to modify the total amount of restitution owed based on a defendant's economic circumstances. *United States v. Su*, No. 11-cr-00288-JST-1, 2022 WL 20184572, at *1 (N.D. Cal. June 28, 2022); *see also United*

ORDER DENYING MOTION TO MODIFY CONDITIONS OF SUPERVISED RELEASE AND REDUCE RESTITUTION - 3

*States v. Boonlert*, No. 2:19-cr-00315-JAD-NJK, 2024 WL 4603616, at *2 (D. Nev. Oct. 29, 2024) (reasoning that because "the statutory scheme expressly allows courts to relax the manner of payment based on the defendant's financial resources but says nothing about a belated reduction in the amount of restitution ordered" and because "restitution orders constitute final orders," a district court cannot "reduce a restitution order in the absence of specific authority" (citation modified)).

Mr. McClellon contends that he does not "have a proper payment plan," Dkt. No. 375 at 1, but the judgment includes such a plan, *see* Dkt. No. 299 at 7. Mr. McClellon has not asked the Court to modify his payment schedule, only that the Court eliminate his restitution obligation altogether. Section 3664(o) prevents the Court from doing so. Accordingly, the Court denies Mr. McClellon's request to eliminate his restitution obligation.

The Court previously denied as premature Mr. McClellon's request to transfer his supervised release from this district to the Southern District of New York. Dkt. No. 371 at 2–3. The Court explained that after imposing a sentence, courts can "transfer jurisdiction over a probationer or person *on supervised release* to the district court for any other district to which the person is required to proceed as a condition of his probation or release, or is permitted to proceed, with the concurrence of such court." *Id.* at 3 (quoting 18 U.S.C. § 3605 and adding emphasis). The Court noted that "[b]ecause Mr. McClellon is still in custody and not yet 'on supervised release,' his request is premature." *Id.* The same is still true because Mr. McClellon is not yet on supervised release. *See* Dkt. No. 376.

As for Mr. McClellon's requests to be self-employed and to obtain "permissions to travel," Dkt. No. 375 at 1, these requests are too vague to meaningfully evaluate. Moreover, the Court agrees with the Government that Mr. McClellon should "address proposed supervised-release modifications with his Probation Officer before bringing them to the Court" "in the interest of

judicial economy." Dkt. No. 377 at 1–2. Accordingly, the Court denies these requests and his request to transfer his supervised release to the Southern District of New York without prejudice.

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES Mr. McClellon's motion. Dkt. No. 375. The Court also ORDERS that before Mr. McClellon files a motion in this district requesting to modify his supervised release conditions, he must meet and confer with his Probation Officer in good faith and certify in any subsequent motion that he has done so, including the name of the person he spoke with, the date of the conversation, and the outcome.

Dated this 19th day of September, 2025.

Lauren King
United States District Judge