UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br>   v.<br><br>DONTE MCCLELLON,<br><br>                  Defendant. | CASE NO. 2:22-CR-00073-LK<br><br>ORDER DENYING MOTION TO MODIFY SUPERVISED RELEASE CONDITIONS |

This matter comes before the Court on Defendant Donte McClellon's pro se motion to alter the conditions of his supervised release. Dkt. No. 380. The Government and the U.S. Probation Office have responded to the motion. Dkt. Nos. 383, 385. For the reasons set forth below, the Court denies the motion.

**I.  BACKGROUND**

On January 11, 2024, a jury convicted Mr. McClellon of three counts of Wire Fraud, in violation of 18 U.S.C. § 1343, and two counts of Bank Fraud, in violation of 18 U.S.C. § 1344(2). Dkt. No. 252 at 1-2; *see also* Dkt. No. 174 at 4–11 (Second Superseding Indictment). On May 29, 2024, the Court held a hearing and sentenced Mr. McClellon to a total term of 42 months in the

custody of the United States Bureau of Prisons, followed by three years of supervised release with standard and special conditions. *See* May 29, 2024 Minute Order; Dkt. No. 299 (judgment). The judgment includes $490,840.92 in restitution to be paid to the U.S. Small Business Administration and Cross River Bank. Dkt. No. 299 at 6. During his period of supervised release, Mr. McClellon must pay restitution in monthly installments amounting to not less than 10% of his gross monthly household income. *Id.* at 7. Mr. McClellon is also subject to the special condition of supervision that he "shall not be self-employed . . . unless approved by the U.S. Probation Officer." *Id.* at 5. Also, he "must not knowingly leave the federal judicial district where [he is] authorized to reside without first getting permission from the court or the probation officer." *Id.* at 4.

      Mr. McClellon promptly filed a notice of appeal on May 29, 2024. Dkt. No. 300. As relevant here, on February 7, 2025, he also filed a "Pro Se Motion to Modify Conditions of Supervised Release; RRC/HC placement" before this Court, in which he moved to be placed in a residential reentry center in the Southern District of New York and to transfer his supervised release to that district. Dkt. No. 352 at 1. The Court denied that motion as premature. Dkt. No. 371. On August 25, 2025, Mr. McClellon filed a motion asking the Court "to modify [his] Supervised Release conditions in the form of relocating to the Southern District of New York . . . for the supervised release portion of this sentence, reduce the restitution amount to zero . . . and permission to be self-employed." Dkt. No. 375 at 1. He also "incorporate[d] by reference the previous motions related to [his] relocation request to New York and permissions to travel while on supervised release." *Id.* The Court denied that motion, finding that his request to transfer supervision was premature and his requests for permission to travel were "too vague to meaningfully evaluate." Dkt. No. 378 at 4. The Court also ordered that "before Mr. McClellon files a motion in this district requesting to modify his supervised release conditions, he must meet and confer with his Probation Officer in good faith and certify in any subsequent motion that he

has done so, including the name of the person he spoke with, the date of the conversation, and the outcome." *Id.* at 5.[1]

On October 3, 2025, Mr. McClellon filed this motion seeking the following modifications to his supervised release conditions:

> 1) halt the DNA sample collection pending appeal; 2) permission . . . to live alone; 3) permission to be self-employed; 4) permission to travel to Seattle related to [his] Mother's passing; 5) permission to travel to San Francisco, CA or wherever the 9th Circuit holds oral argument related to [his] direct appeal; 6) permission to travel weekly to [his] Native homelands (i.e., Reservations) related to heritage and religious purposes; 7) permission to travel monthly to Air Force military bases related to shopping, volunteer work and recreation purposes; 8) permission to transfer 36 months of supervised release term from the Western District of Washington to the Southern District of New York; and 9) permission to reduce the restitution obligation amount to "zero" based on financial circumstances.

Dkt. No. 380 at 1. The Court requested responses from the Probation Office and the Government, Dkt. Nos. 381, 382, and both responded, Dkt. Nos. 383, 385. Mr. McClellon filed a reply. Dkt. No. 387.

In the meantime, because Mr. McClellon was released from Bureau of Prisons ("BOP") custody as homeless, the Probation Office submitted a Request for Modifying the Conditions or Term of Supervised Release with Consent of the Person Under Supervision, requesting to add a special condition requiring that Mr. McClellon "reside in and satisfactorily participate in a residential reentry center program, as a condition of supervised release or probation for not more than 120 days unless discharged earlier by the program director or probation officer." Dkt. No. 384 at 1. The petition explained that because Mr. McClellon "has no viable residence or means of financial support," he "requested a placement at a residential reentry center to provide him with stability while he searches for a residence and employment." *Id.* Mr. McClellon waived his right

---

[1] The Court's order was returned as undeliverable because Mr. McClellon had been released from custody in the interim. *See* Dkt. No. 388. Still, it is apparent that Mr. McClellon received a copy of the order because his current motion states that he met and conferred in good faith as required. *See* Dkt. No. 380 at 1.

ORDER DENYING MOTION TO MODIFY SUPERVISED RELEASE CONDITIONS - 3

to a hearing on that proposed modification and agreed to the modification. Dkt. No. 384-1 at 1. The Government concurred with the request, Dkt. No. 384 at 1, and the Court ordered the modification, *id.* at 2.[2]

## II. DISCUSSION

Mr. McClellon states in his motion that he "met and conferred with the Probation Office in good faith" but that such efforts were "fruitless." Dkt. No. 380 at 1. That conclusory statement does not satisfy the Court's prior order requiring him to include in his certification of conferral "the name of the person he spoke with, the date of the conversation, and the outcome" of the meet and confer. Dkt. No. 378 at 5. The Probation Office's response also makes clear that Mr. McClellon met and conferred only about his request to transfer supervision to the Southern District of New York. Dkt. No. 383 at 1–3. The Court denies the other requests in the motion for the failure to meet and confer, and again orders that before Mr. McClellon files a motion in this district requesting to modify his supervised release conditions, he must meet and confer with his Probation Officer in good faith and certify in any subsequent motion that he has done so, including the name of the person he spoke with, the date of the conversation, and the outcome.[3] The Court may

---

[2] Mr. McClellon's reply asks the Court to void the modification "as signed under duress," Dkt. No. 387 at 7, but the Court will not grant relief requested in a reply brief to which the Government has had no opportunity to respond. *See* Fed. R. Crim. P. 47(a) ("A party applying to the court for an order must do so by motion.").

[3] Even if the Court were to consider Mr. McClellon's other requests for modifications, it would deny them. Mr. McClellon's first request—to halt the collection of a DNA sample pending his appeal—is moot because "[his] DNA sample was provided on June 15, 2022, while in BOP custody. Since the sample has already been obtained and processed by the FBI, no further action is necessary." Dkt. No. 383 at 1. Mr. McClellon's second request—for permission to live alone—is also moot because as the Probation Office responds, no condition imposed by the Court prevents him from doing so. *Id.*

Mr. McClellon's third request—for permission to be self-employed—is premature because he "has not yet submitted a request for self-employment to be reviewed by the probation office[.]"*Id.* at 2; *see also* Dkt. No. 378 at 4–5 (prior order denying the request as too vague to evaluate). Consequently, a meaningful meet and could have resolved this issue. So too with Mr. McClellon's requests to travel to Seattle, to San Francisco if the Ninth Circuit holds oral argument on his appeal, to his "Native homelands," and to military bases. Dkt. No. 380 at 1. The Probation Office states that Mr. McClellon's existing conditions allow him to travel throughout the Western District of Washington, so no modification is needed to do so. Dkt. No. 383 at 2. If Mr. McClellon seeks to travel outside the district, including to San Francisco for a court hearing, he must provide the Probation Office with specific information, including dates and where he plans to stay, so they can evaluate his request. *Id.* For these reasons, the request to travel within this

summarily strike any future motion to modify the conditions of his supervised release that does not comply with this requirement.

As for Mr. McClellon's request to transfer his supervision to the Southern District of New York, the Probation Office responds that "Mr. McClellon submitted a transfer request to the SD/NY while in BOP custody, reporting that he had a vacant apartment available to him," but the request "was denied by the SD/NY due to a lack of ties to the area, and a lack of documentation pertaining to the apartment's availability." Dkt. No. 383 at 2. The Probation Officer has "spoken with Mr. McClellon and advised him that the SD/NY is not likely to accept supervision of his case unless he has supportive ties, employment prospects, and verified housing within their district" and "asked him to provide . . . documentation pertaining to his reported apartment for review." *Id.* As the Government notes in its response, the Court cannot compel a transfer of jurisdiction over the objection of the transferee jurisdiction. Dkt. No. 385 at 4 (citing 18 U.S.C. § 3605). Because Mr. McClellon has not yet provided the requested documentation to the Probation Office, this request is denied without prejudice as premature. The Court also agrees with the Government, *see id.*, that Mr. McClellon should not file another motion to transfer his supervision until the Southern District of New York agrees to a transfer.

---

district is moot, and the requests for permission to be self-employed and to travel outside the district are premature. (The Government notes that if Mr. McClellon is staying at a residential reentry center when he seeks to travel within or outside this district, he must also comply with their social pass procedures. Dkt. No. 385 at 2–3. Nothing in this Order should be construed as permission for Mr. McClellon to disregard those procedures.)

Finally, the Court has already ruled that 18 U.S.C. § 3664(o) prevents the Court from eliminating Mr. McClellon's restitution obligation altogether. Dkt. No. 378 at 4. His renewed request for the same relief is essentially a motion for reconsideration that fails to demonstrate manifest error in the prior ruling or new facts or legal authority. LCrR 12(b)(13)(A). The Court also notes that the Probation Office has stated that it "will work with Mr. McClellon, once he obtains employment, to set a monthly restitution payment in accordance with his documented income." Dkt. No. 383 at 2.

ORDER DENYING MOTION TO MODIFY SUPERVISED RELEASE CONDITIONS - 5

### III. CONCLUSION

For the foregoing reasons, the Court DENIES McClellon's pro se motion to alter the conditions of his supervised release. Dkt. No. 380.

Dated this 3rd day of November, 2025.

                                      Lauren King
                                      United States District Judge