UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br>   v.<br><br>DONTE MCCLELLON,<br><br>              Defendant. | CASE NO. 2:22-CR-00073-LK<br><br>ORDER DENYING MOTION FOR RECONSIDERATION; GRANTING IN PART AND DENYING IN PART MOTION FOR OTHER RELIEF |

This matter comes before the Court on Defendant Donte McClellon's pro se motion for early termination of his supervised release and other relief, Dkt. No. 390, and his motion for reconsideration of the Court's prior order denying his motion to transfer his supervised release to the Southern District of New York, Dkt. No. 392. For the reasons set forth below, the Court denies the motion to reconsider and grants in part and denies in part the motion for other relief.

## I. BACKGROUND

On January 11, 2024, a jury returned a verdict of guilty for Mr. McClellon of three counts of Wire Fraud, in violation of 18 U.S.C. § 1343, and two counts of Bank Fraud, in violation of 18 U.S.C. § 1344(2). Dkt. No. 252 at 1-2; *see also* Dkt. No. 174 at 4–11 (Second Superseding

ORDER DENYING MOTION FOR RECONSIDERATION; GRANTING IN PART AND DENYING IN PART MOTION FOR OTHER RELIEF - 1

Indictment). On May 29, 2024, the Court held a hearing and sentenced Mr. McClellon to a total term of 42 months in the custody of the United States Bureau of Prisons, followed by three years of supervised release with standard and special conditions. *See* May 29, 2024 Minute Order; Dkt. No. 299 (judgment).

Mr. McClellon promptly filed a notice of appeal on May 29, 2024. Dkt. No. 300. As relevant here, on February 7, 2025, he also filed a "Pro Se Motion to Modify Conditions of Supervised Release; RRC/HC placement" before this Court, in which he moved to be placed in a residential reentry center in the Southern District of New York and to transfer his supervised release to that district. Dkt. No. 352 at 1. The Court denied that motion as premature. Dkt. No. 371. On August 25, 2025, Mr. McClellon filed another motion asking the Court to transfer his supervised release to the Southern District of New York, Dkt. No. 375 at 1, which the Court again denied as premature, Dkt. No. 378. The Court also ordered that "before Mr. McClellon files a motion in this district requesting to modify his supervised release conditions, he must meet and confer with his Probation Officer in good faith and certify in any subsequent motion that he has done so, including the name of the person he spoke with, the date of the conversation, and the outcome." *Id.* at 5.

On October 3, 2025, Mr. McClellon filed a motion seeking permission to transfer 36 months of his supervised release term from the Western District of Washington to the Southern District of New York. Dkt. No. 380 at 1. In the meantime, because Mr. McClellon was released from Bureau of Prisons ("BOP") custody as homeless, the Probation Office submitted a 12B Request for Modifying the Conditions or Term of Supervised Release with Consent of the Person Under Supervision, seeking to add a special condition requiring that Mr. McClellon "reside in and satisfactorily participate in a residential reentry center program, as a condition of supervised release or probation for not more than 120 days unless discharged earlier by the program director

1  or probation officer." Dkt. No. 384 at 1. The petition explained that because Mr. McClellon "has
2  no viable residence or means of financial support," he "requested a placement at a residential
3  reentry center to provide him with stability while he searches for a residence and employment."
4  *Id.* Mr. McClellon waived his right to a hearing on that proposed modification and agreed to the
5  modification. Dkt. No. 384-1 at 1. The Government concurred with the request, Dkt. No. 384 at 1,
6  and the Court ordered the modification, *id.* at 2.

7        On November 3, 2025, the Court denied Mr. McClellon's motion to modify his supervised
8  release conditions, finding that the only modification that was properly before the court following
9  a meet and confer with Probation was his request to transfer supervision to the Southern District
10 of New York, which was premature because he had not provided the requested documentation to
11 the Probation Office to support that request or obtained concurrence from the transferee
12 jurisdiction. Dkt. No. 389 at 4–5.

13                         **II.   DISCUSSION**

14 **A.   The Court Denies Mr. McClellon's Motion for Reconsideration**

15       Mr. McClellon asks the Court, Dkt. No. 392, to reconsider its prior ruling denying his
16 request to transfer his supervised relief to the Southern District of New York, Dkt. No. 389.
17 "Motions for reconsideration are disfavored," and courts in this district "will ordinarily deny such
18 motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts
19 or legal authority which could not have been brought to its attention earlier with reasonable
20 diligence." CrR 12(b)(13)(A).

21       Mr. McClellon has not demonstrated that the Court erred. He argues that the Court denied
22 the motion "on the ground that 'SDNY Probation denied the transfer' and therefore the Court
23 would not compel it," Dkt. No. 392 at 2, but the Court's order contains no such quote or holding.
24

Nor did the Court's order state that the request for transfer "should be 'referred to the Southern District of New York'" as Mr. McClellon writes in his motion for reconsideration. *Id.*

Mr. McClellon also contends that the Court erred in construing 18 U.S.C. § 3605 to require approval for the transfer from the transferee court. *Id.* at 3. However, that statute specifically states that a Court may transfer jurisdiction over a person on supervised release to the jurisdiction of another court "with the concurrence of such court." The Court did not err in finding that concurrence is required or that there has been no such concurrence here. Dkt. No. 389 at 5. In light of the foregoing, the Court finds no need for the supplemental briefing Mr. McClellon requests, Dkt. No. 392 at 5, and denies his motion for reconsideration.

**B.    The Court Denies Mr. McClellon's Motion for Early Termination of Supervised Release and Grants the Return of His Passport**

Mr. McClellon has filed a motion seeking (1) early termination of supervised release, (2) an "Order voiding U.S. Probation Office's 12B filing as signed under duress ([Dkt. No. 384])," (3) return of his passport, and (4) "a preliminary injunction and TRO for retaliation protection from U.S. Probation Office for filing this motion[.]" Dkt. No. 390 at 1. The Government opposes all requests except for the return of his passport. Dkt. No. 391.

　　　1.    <u>The Court Denies the Request for Early Termination</u>

The Government responds that Mr. McClellon is ineligible for early termination of supervised release because by statute, courts may terminate supervised release "at any time after the expiration of one year of supervised release," but Mr. McClellon has been on supervised release only since October 1, 2025. Dkt. No. 391 at 2–3 (quoting 18 U.S.C. § 3583(e)(1)).

The statute provides that the Court may "terminate a term of supervised release and discharge the defendant released at any time *after the expiration of one year of supervised release*[.]" 18 U.S.C. § 3583(e)(1) (emphasis added); *see also United States v. Gonzalez-Munoz*,

No. S-08-0087 EJG, 2012 WL 2466963, at *2 (E.D. Cal. June 27, 2012) (denying early termination when defendant "did not spend the requisite one year on supervised release"). "Under the plain language of § 3583(e)(1), the district court ha[s] no authority to consider [a] challenge to the length of [a defendant's] supervised release term" when that defendant "has not yet served one year of supervised release." *United States v. Zimmerman*, 481 F. App'x 199, 201 (5th Cir. 2012). Accordingly, the Court cannot terminate Mr. McClellon's supervised release in violation of Section 3583(e)(1).

Mr. McClellon also relies on section 5D1.4 of the U.S. Sentencing Guidelines, Dkt. No. 390 at 8, but that section reaffirms that courts may terminate a remaining term of supervision only "after the expiration of one year of supervised release[.]" U.S. Sent'g Guidelines, § 5D1.4(b) (2025), available at https://guidelines.ussc.gov/apex/r/ussc_apex/guidelinesapp/guidelines?APP_GL_ID=%C2%A75D1.4. Because Mr. McClellon has not been on supervised release for at least a year, he is statutorily ineligible for the early termination he seeks.

Finally, Mr. McClellon argues that the BOP has failed to apply his First Step Act good time credits toward his supervised release term. Dkt. No. 390 at 5. The Government responds that Mr. McClellon is already pursuing that claim through a habeas petition pending in U.S. District Court for the Southern District of New York, and a Magistrate Judge recommended denying his petition. Dkt. No. 391 at 3 (citing *McClellon v. Rickard*, No. 24-cv-10053, Dkt. No. 30 (S.D.N.Y. June 24, 2025)). Having chosen to pursue this complaint in the Southern District of New York, Mr. McClellon cannot also pursue the same issue here to avoid an adverse ruling. *See, e.g., Melvin v. United States*, No. EDCV 16-800-AG (GJS), 2016 WL 3125703, at *2 (C.D. Cal. May 31, 2016) ("There is no legitimate reason for [petitioner] to raise his present claims, and to require two federal courts to address them, twice in separate cases."). As the Government notes, Dkt. No. 391 at 3, if

ORDER DENYING MOTION FOR RECONSIDERATION; GRANTING IN PART AND DENYING IN PART MOTION FOR OTHER RELIEF - 5

the other case resolves in Mr. McClellon's favor, he can renew his request here that "his period of supervised release be shortened to accommodate good time credits," *see Gonzalez v. Herrera*, 151 F.4th 1076, 1081 (9th Cir. 2025). The Court thus denies this request.

### 2. The Court Denies Mr. McClellon's Request to Rescind the 12B Modification

Mr. McClellon argues that the "12B form" is "void as a matter of law" because he signed it "under pressure and coercion while already on supervised release." Dkt. No. 390 at 10 (capitalization altered). The Government responds that because Mr. McClellon was homeless when he was released, his probation officer found him a bed at the Tacoma residential reentry center ("RRC") to "provide him with stability while he searches for a residence and employment." Dkt. No. 391 at 2, 4 (quoting Dkt. No. 384 at 1). The Government further argues that "the modification doesn't force McClellon to do anything—he can leave the RRC with the approval of his probation officer," and in fact, that approval already been given. *Id.* In light of those facts and Mr. McClellon's signed agreement to the modification, Dkt. No. 384-1, the Court denies this request.

### 3. The Court Grants the Request to Return Mr. McClellon's Passport

Mr. McClellon requests that the Court order the return of his passport under Rule 41(g). Dkt. No. 390 at 10. The Government does not oppose the Court ordering the return of his self-surrendered passport, but notes that Mr. McClellon's conditions of supervised release state that he "must not knowingly leave the federal judicial district where [he is] authorized to reside without first getting permission from the court or the probation officer." Dkt. No. 391 at 5 (quoting Dkt. No. 299 at 4). The Court's judgment in this case does not require the retention of Mr. McClellon's passport. *See generally* Dkt. No. 299. The Court thus grants this request, orders the return of Mr. McClellon's passport, and reminds him of the travel limitations in his Standard Conditions of Supervision, Dkt. No. 299 at 4.

ORDER DENYING MOTION FOR RECONSIDERATION; GRANTING IN PART AND DENYING IN PART MOTION FOR OTHER RELIEF - 6

4. <u>The Court Denies Mr. McClellon's Request for a Temporary Restraining Order or a Preliminary Injunction</u>

Mr. McClellon requests that the Court issue a temporary restraining order ("TRO") or preliminary injunction "to protect [him] against retaliation from the U.S. Probation Office for filing this motion." Dkt. No. 390 at 11. The Government opposes this request because "[e]ven if this Court had a mechanism to grant a preliminary injunction or TRO in a criminal case, McClellon's motion is based on an entirely speculative fear that U.S. Probation—officers of the court—will somehow punish him for seeking early termination." Dkt. No. 391 at 5. The Court agrees with the Government that Mr. McClellon's speculative request is unsupported, and denies this request.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Mr. McClellon's motion for reconsideration. Dkt. No. 392. The Court GRANTS IN PART and DENIES IN PART his motion for other relief, Dkt. No. 390, granting the request for the return of Mr. McClellon's passport and denying all other relief requested in that motion.

Dated this 29th day of December, 2025.

Lauren King
United States District Judge