UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

DONTE MCCLELLON,

Defendant.

CASE NO. 2:22-CR-00073-LK

ORDER DENYING MOTION REGARDING INTERFERENCE WITH ACCESS TO COURTS AND COUNSEL

This matter comes before the Court on Defendant Donte McClellon's Emergency Motion Regarding Interference with Access to Courts and Counsel. Dkt. No. 413. The Government opposes the motion. Dkt. No. 423. For the reasons set forth below, the Court denies the motion because it is moot and Mr. McClellon lacks standing for the injunction he seeks.

## I.   BACKGROUND

Based on a January 27, 2026 order modifying the conditions of his release, Mr. McClellon is required to reside at a Residential Reentry Center ("RRC"). Dkt. No. 394. This condition requires him to "reside in and satisfactorily participate in a residential reentry center program, as

ORDER DENYING MOTION REGARDING INTERFERENCE WITH ACCESS TO COURTS AND COUNSEL - 1

a condition of supervised release or probation for not more than 120 days unless discharged earlier by the program director or probation officer." *Id.* at 1.

On April 30, 2026, Mr. McClellon filed this motion stating that on that day, United States Probation "revoke[d] and terminate[d] [his] authorized public-library passes used for legal research, drafting, litigation preparation, electronic filing preparation, access to legal materials, and coordination regarding multiple active federal proceedings as well as productive rehabilitating activities such as employment seeking and housing." Dkt. No. 413 at 1–2. Mr. McClellon contends that the revocation of library passes interferes with his right to meaningful access to the courts. *Id.* at 4 (asserting that "the government has interfered with the primary mechanism through which Mr. McClellon conducts legal research, prepares filings, accesses legal materials, and participates in active federal litigation"). As relief, Mr. McClellon requests "immediate restoration of [his] public-library/legal-access passes," or alternatively, a different "constitutionally adequate equivalent legal-access accommodations sufficient to permit meaningful litigation participation"; "protected and reasonable access to legal research materials, legal-document preparation, and printing resources"; and a prohibition on "retaliation or further restrictions imposed in response to protected litigation activity[.]" *Id.* at 5–6.[1]

The U.S. Probation Office responded to the motion and explained that "Mr. McClellon spends several hours at the library on a daily basis to do legal research on his appeal and has done very little towards resolving his housing and employment issues." Dkt. No. 417 at 2. Because the RRC "is not a long-term solution for housing, the focus for residents is to work toward gainful employment and independent living," and Mr. McClellon's passes to the library "were suspended

---

[1] The Court does not consider the new requests for relief that Mr. McClellon included in his reply brief. Dkt. No. 419 at 14–15. It is improper to request new relief in a reply because doing so "deprives the opposing party of the ability to respond." *S/Y Paliador, LLC v. Platypus Marine, Inc.*, 344 F.R.D. 110, 120 (W.D. Wash. 2023).

ORDER DENYING MOTION REGARDING INTERFERENCE WITH ACCESS TO COURTS AND COUNSEL - 2

on the condition he develop a plan to obtain housing, employment, and a phone." *Id.* The Probation Office also stated that it would resume his library passes once Mr. McClellon has made "some efforts toward his housing and employment goals[.]" *Id.*[2] The Government "supports the United States Probation Office's reasonable approach to McClellon's library access." Dkt. No. 423 at 1. The Government also recommends that the Court deny the motion without prejudice, suggesting that if Mr. McClellon "has an imminent filing deadline and cannot obtain materials to satisfy that deadline without library access, . . . he be given access to the library for purpose of satisfying his deadline." *Id.* at 3.

On May 17, 2026, a warrant was issued for Mr. McClellon's arrest for violation of his supervised release condition because he moved out of the RRC without permission. Dkt. Nos. 421, 422. At this time, Mr. McClellon has not yet been arrested or brought before the Court on this violation.

## II.    DISCUSSION

Article III of the Constitution restricts federal courts to deciding only "actual, ongoing controversies." *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (explaining that if a claim becomes moot, the Court lacks jurisdiction because there is no longer a live case or controversy as required by Article III of the U.S. Constitution). "Even where litigation poses a live controversy when filed . . . a federal court [must] refrain from deciding it 'if events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future.'" *Clarke v. United States*, 915 F.2d 699, 701 (D.C. Cir. 1990) (quoting *Transwestern Pipeline Co.*

---

[2] Mr. McClellon is represented by counsel in his appeal of his criminal conviction, *United States v. McClellon*, 24-3406 (9th Cir.), the Ninth Circuit heard oral argument in March 2026, and a decision is pending. The Ninth Circuit held in March 2026 that only Mr. McClellon's counsel may submit filings. *Id.*, Dkt. No. 92 (declining to entertain any further pro se submissions from Mr. McClellon).

ORDER DENYING MOTION REGARDING INTERFERENCE WITH ACCESS TO COURTS AND COUNSEL - 3

*v. F.E.R.C.*, 897 F.2d 570, 575 (D.C. Cir. 1990)); *Vasquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1253 (9th Cir. 2007) ("[A] live controversy must exist at all stages of the litigation, not simply at the time plaintiff filed the complaint.").

The moving party "bears the burden of showing that he has standing for each type of relief sought," including an injunction. *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). When parties seek injunctive relief, they must allege some likelihood of future injury. *See City of Los Angeles v. Lyons*, 461 US. 95, 105–06 (1983). In order to establish standing for seeking an injunction, a litigant must demonstrate (1) that "he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical"; (2) "it must be fairly traceable to the challenged action of the defendant"; and (3) "it must be likely that a favorable judicial decision will prevent or redress the injury." *Summers*, 555 U.S. at 493; *see also Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (a "threatened injury must be certainly impending to constitute injury in fact"; allegations of a "possible future injury" are insufficient (citation modified)). Put another way, "[t]he plaintiff must demonstrate that he has suffered or is threatened with a concrete and particularized legal harm, coupled with a sufficient likelihood that he will again be wronged in a similar way." *Bates v. United Parcel Serv.*, Inc., 511 F.3d 974, 985 (9th Cir. 2007) (citation modified). "Past exposure to harmful or illegal conduct does not necessarily confer standing to seek injunctive relief if the plaintiff does not continue to suffer adverse effects." *Mayfield v. United States*, 599 F.3d 964, 970 (9th Cir. 2010). "Nor does speculation or subjective apprehension about future harm support standing" for an injunction; rather, "[o]nce a plaintiff has been wronged, he is entitled to injunctive relief only if he can show that he faces a real or immediate threat that he will again be wronged in a similar way." *Id.* (citation modified).

ORDER DENYING MOTION REGARDING INTERFERENCE WITH ACCESS TO COURTS AND COUNSEL - 4

Now that Mr. McClellon has left the RRC, he lacks standing to seek injunctive relief regarding the conditions there, and his motion is moot. The RRC's *temporary* limitation on his library passes is not currently causing him injury or likely to do so in the future in a concrete, non-speculative way. Accordingly, the Court denies his motion.

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES without prejudice Mr. McClellon's Emergency Motion Regarding Interference with Access to Courts and Counsel. Dkt. No. 413.

Dated this 26th day of May, 2026.

Lauren King
United States District Judge

ORDER DENYING MOTION REGARDING INTERFERENCE WITH ACCESS TO COURTS AND COUNSEL - 5