UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:22-CR-00073-LK |
| Plaintiff, | ORDER DENYING MOTION TO QUASH WARRANT |
| v. | |
| DONTE MCCLELLON, | |
| Defendant. | |

This matter comes before the Court on Defendant Donte McClellon's Motion to Quash and Vacate May 17, 2026 Warrant. Dkt. No. 426. For the reasons set forth below, the Court denies the motion.

## I.    BACKGROUND

On January 11, 2024, a jury returned a verdict of guilty for Mr. McClellon on three counts of Wire Fraud, in violation of 18 U.S.C. § 1343, and two counts of Bank Fraud, in violation of 18 U.S.C. § 1344(2). Dkt. No. 252 at 1–2; *see also* Dkt. No. 174 at 4–11 (Second Superseding Indictment). On May 29, 2024, the Court held a hearing and sentenced Mr. McClellon to a total term of 42 months in the custody of the United States Bureau of Prisons, followed by three years

ORDER DENYING MOTION TO QUASH WARRANT - 1

of supervised release with standard and special conditions. *See* May 29, 2024 Minute Order; Dkt. No. 299 (judgment).

Based on a January 27, 2026 order modifying the conditions of his release, Mr. McClellon is required to reside at a Residential Reentry Center ("RRC"). Dkt. No. 394. This condition requires him to "reside in and satisfactorily participate in a residential reentry center program, as a condition of supervised release or probation for not more than 120 days unless discharged earlier by the program director or probation officer." *Id.* at 1.

On May 17, 2026, a warrant was issued for Mr. McClellon's arrest for alleged violation of his supervised release condition because he moved out of the RRC without permission. Dkt. Nos. 421, 422. At this time, Mr. McClellon has not yet been arrested or brought before the Court on this issue.

Mr. McClellon filed this motion on May 26, 2026, requesting that the Court quash the warrant and offering to self-surrender on May 28 or June 1, 2026. Dkt. No. 426 at 1–4.[1] The Government opposes the motion. Dkt. No. 429.

## II.  DISCUSSION

"If there is probable cause to believe that . . . a person on supervised release has violated a condition of his . . . release, he may be arrested, and, upon arrest, shall be taken without unnecessary delay before the court having jurisdiction over him." 18 U.S.C. § 3606

As the Government contends, Mr. McClellon does not argue that the May 17 arrest warrant was "legally invalid or based upon insufficient probable cause[.]" Dkt. No. 429 at 3. Nor would that argument have merit when the terms of Mr. McClellon's supervised release required him to "reside in and satisfactorily participate in a residential reentry center program, as a condition of

---

[1] There is no evidence that Mr. McClellon self-surrendered on May 28.

ORDER DENYING MOTION TO QUASH WARRANT - 2

supervised release or probation for not more than 120 days unless discharged earlier by the program director or probation officer," Dkt. No. 394 at 1, and there was probable cause to believe that Mr. McClellon left the RRC without permission, Dkt. No. 429 at 4. A magistrate judge found probable cause and issued the May 17 warrant. Dkt. No. 422. The record was sufficient to establish probable cause, and Mr. McClellon does not argue otherwise.

Instead, Mr. McClellon argues that the Court's May 26, 2026 Order, Dkt. No. 425, denying his "Emergency Motion Regarding Interference with Access to Courts and Counsel," Dkt. No. 413, erroneously stated in the background section that a warrant was issued "for violation of his supervised release condition" rather than referring to the violation as "alleged." Dkt. No. 426 at 2. Mr. McClellon requests that the Court "correct the record, clarify that no violation has been found, and quash or recall the warrant[.]" *Id.* at 4. There is no need to correct the record; it is obvious that no violation has been found by the Court. Nor has the Court pre-judged the occurrence of a violation as Mr. McClellon suggests. *Id.* at 9. As the Government notes, Mr. McClellon "will have the opportunity to contest those allegations at the revocation hearing, where he will have a right to confront witnesses and present evidence." Dkt. No. 429 at 5 (citing Fed. R. Crim. P. 32.1(b)(2); 18 U.S.C. § 3583(e)).

Mr. McClellon also argues that the warrant is "unnecessary" because he will self-surrender. Dkt. No. 426 at 2. The Government responds that "a defendant's convenience is not a reason to quash a warrant." Dkt. No. 429 at 5. The Government further states that Mr. McClellon "has known about Probation's warrant since the Court issued its order on May 26," he can choose to self-surrender at any time, and he has not explained "why he needs until June 1 to appear." *Id.* at 6. The Court agrees with the Government that Mr. McClellon's convenience or desire to self-surrender on a particular (unexplained) date provides no basis to quash the valid warrant.

ORDER DENYING MOTION TO QUASH WARRANT - 3

## III.  CONCLUSION

For the foregoing reasons, the Court DENIES Mr. McClellon's Motion to Quash and Vacate May 17, 2026 Warrant. Dkt. No. 426.

Dated this 29th day of May, 2026.

Lauren King
United States District Judge

ORDER DENYING MOTION TO QUASH WARRANT - 4