UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:22-CR-00073-LK |
| Plaintiff, | ORDER GRANTING MOTION TO CONTINUE EVIDENTIARY HEARING; DENYING MOTION TO EXPEDITE EVIDENTIARY HEARING |
| v. | |
| DONTE MCCLELLON, | |
| Defendant. | |

This matter comes before the Court on Defendant Donte McClellon's Motion to Reduce Evidentiary Hearing Date to 1 Week, Dkt. No. 440, and the Government's Motion to Continue Evidentiary Hearing, Dkt. No. 444. An evidentiary hearing on revocation of supervised release is currently scheduled for June 25, 2026. Dkt. No. 437.

The Government requests to continue the hearing "by at least a week, until July 2, 2026, to give the parties and the Court time to resolve . . . counsel issues and ensure a fair hearing." Dkt. No. 444 at 2. Although the Court preliminarily appointed defense attorney Sean Coutain to represent McClellon, Dkt. No. 437, Mr. Coutain recently emailed the Court indicating that McClellon desires to represent himself in the supervised release proceedings, *see* Dkt. No. 443.

ORDER GRANTING MOTION TO CONTINUE EVIDENTIARY HEARING; DENYING MOTION TO
EXPEDITE EVIDENTIARY HEARING - 1

The Court referred the matter to Magistrate Judge Brian A. Tsuchida to hold a hearing pursuant to *Faretta v. California*, 422 U.S. 806 (1975), at the earliest possible date, which is June 22, 2026. *Id.*

The Government contends that "McClellon's status between now and the June 22 *Faretta* hearing is unclear: Counsel has not appeared on his behalf, but he has not yet waived his right to counsel and elected to go pro se." Dkt. No. 444 at 2. As a result, the Government does not know whether to send discovery and reports of interviews to McClellon or to Mr. Coutain. *Id.* at 2–3. The Government also states that it is "unclear how [the] defense will be able to file a pre-hearing brief in compliance with the Court's deadline[s]" of June 19, 2026 because McClellon cannot file anything pro se before the *Faretta* hearing, and he has prohibited Mr. Coutain from doing so on his behalf. *Id.* at 3. In addition, if McClellon is permitted to proceed pro se, "that status will create some logistical challenges that make the June 25 date untenable" because the Government and the Court "must also serve all filings on McClellon at FDC SeaTac by mail, but again it is unclear whether he will receive those filings in time to review and prepare for an evidentiary hearing" on June 25. *Id.* Finally, the Government avers that "[g]iven the nature of McClellon's ongoing non-compliance with supervised release, the government anticipates asking for a severe sanction, including jail time," "so "[i]t is in everyone's interest to ensure that he has access to appropriate discovery and filings before the evidentiary hearing." *Id.* at 4.

Meanwhile, McClellon filed a motion on June 8, 2026 to hold the evidentiary hearing within a week and release him in the meantime. Dkt. No. 440. The Government objected to that motion because McClellon is represented by counsel, and therefore cannot file motions pro se. Dkt. No. 441. The Court agrees with the Government that because McClellon is currently represented by counsel for purposes of the evidentiary hearing, he cannot file a motion related to that hearing pro se. *See Krongkiet v. Beard*, 597 F. App'x 416, 417 (9th Cir. 2015) ("[T]he trial

ORDER GRANTING MOTION TO CONTINUE EVIDENTIARY HEARING; DENYING MOTION TO EXPEDITE EVIDENTIARY HEARING - 2

court need not entertain [a pro se] motion while [a defendant] remain[s] represented by counsel."); LCrR 62.2 (A represented party "cannot appear or act on his . . . own behalf in that case, or take any step therein, until after the party requests by motion to proceed on his . . . own behalf, certifies in the motion that he . . . has provided copies of the motion to his . . . current counsel and to the opposing party, and is granted an order of substitution by the court terminating the party's attorney as counsel and substituting the party in to proceed pro se; provided, that the court may in its discretion hear a party in open court, notwithstanding the fact that he . . . is represented by an attorney."). The Court therefore strikes McClellon's pro se motion.

The Court also considers the Government's motion promptly, without awaiting a response from McClellon, because the June 19 deadline to submit prehearing briefs will occur before there is time to receive a response to this motion from McClellon. Moreover, the Court assumes, as the Government does, Dkt. No. 444 at 2, that McClellon opposes this motion and desires an expedited hearing instead. The Court is aware of and has considered McClellon's position on the timing of the evidentiary hearing, as set forth in his motion to expedite the evidentiary hearing. Dkt. No. 440.

The Court must hold the revocation hearing "within a reasonable time[.]" Fed. R. Crim. P. 32.1(b)(2); *see also* 18 U.S.C. § 3606 ("[U]pon arrest, [a person alleged to have violated terms of supervised release] shall be taken without unnecessary delay before the court having jurisdiction over him."). "'Reasonableness' is itself a sort of balancing judgment in which the length of delay is considered in connection with the reasons for the delay." *United States v. Santana*, 526 F.3d 1257, 1260 (9th Cir. 2008). On June 1, 2026, McClellon was arrested for the alleged supervised release violation, *see* June 1, 2026 Docket Entry, made his initial appearance, and had a detention hearing, Dkt. No. 437. Resetting the revocation hearing for July 15, 2026 does not result in an unreasonably protracted delay. *See, e.g.*, *Santana*, 526 F.3d at 1261 (concluding that a "four-month

ORDER GRANTING MOTION TO CONTINUE EVIDENTIARY HEARING; DENYING MOTION TO EXPEDITE EVIDENTIARY HEARING - 3

delay did not violate [defendant's] due process rights or his rights under Rule 32.1"); *see also United States v. Fourstar*, No. 20-30267, 2021 WL 4690964, at *1 (9th Cir. 2021) (holding that defendant's due process rights were not violated by a 41-day delay between his arrest and the final revocation hearing). Moreover, there is good reason for the short delay to resolve the issue of whether McClellon will be represented by counsel for the *Faretta* hearing, and to allow him (or his counsel) to receive discovery materials and interview reports and to submit a prehearing brief.

For the foregoing reasons, the Court GRANTS the Government's Motion to Continue Evidentiary Hearing, Dkt. No. 444, denies McClellon's motion to expedite that hearing, Dkt. No. 440, and reschedules the evidentiary hearing on revocation of supervised release for July 15, 2026 at 10:00 a.m.

Dated this 17th day of June, 2026.

Lauren King
United States District Judge

ORDER GRANTING MOTION TO CONTINUE EVIDENTIARY HEARING; DENYING MOTION TO EXPEDITE EVIDENTIARY HEARING - 4